WILLIAM WHEELER *v.* LEVI LEWIS.

Upon a guaranty in these words, " April 10, 1834, I warrant the within note good and collectable until the first day of July, 1834," the person taking the guaranty is bound to resort to legal measures within a reasonable time after the date of the guaranty, and to pursue them with common diligence, and, if possible, consummate the process within the time limited; or show, what is equivalent, the absolute insolvency of the maker of the note.

ASSUMPSIT upon the following guaranty :—

"Poultney, April 10, 1834.—This certifies that I have "this day sold to William Wheeler a note against Samuel "Hamden, of Wells, dated 27th March, 1834, for the sum "of \$51,56, given to me or bearer, which I warrant good "and collectable until the 1st day of July, 1834, signed by "Samuel Hamden, of Wells.

(Signed) "LEVI LEWIS."

It appeared on the trial, by a jury, in the county court, upon the general issue, that on the 12th of April, 1834, the present plaintiff commenced a suit against the maker of said note, which was appealed to the county court, and came on for trial at the April term, 1834, and was continued to the September term, when judgment was rendered for the plaintiff. Execution was duly issued and put into the hands of an officer and returned *non est*, the maker of said note having died on the 6th day of October, 1834.

Testimony was given by the defendant tending to prove that the plaintiff neglected to have the note in court at the April term, 1834, in consequence of which his attorney, who had the care of the suit, consented to a continuance to prevent a judgment being rendered against him ; that, by the practice of the court, the plaintiff was entitled to a judgment at the term at which the appeal was entered, which was the April term, 1834, and would have obtained judgment if the note had been present in court, and further tending to prove that if judgment had been rendered at the April term, 1834, the said Hamden had the means of paying it, and that the amount of it might have been collected from him, and that other judgments, rendered at the same term, were collected of him.

The plaintiff requested the court to charge the jury that, by the terms of the guaranty, he could elect to sue or control the suit upon the note as he thought proper, until the 1st day of July, 1834, and having obtained judgment upon said note against the maker, at the September term, 1834, the said judgment was as early after the said 1st day of July, 1834, as in the course of legal proceedings, by a suit, a judgment could have been obtained thereon, but the court refused so to charge the jury, but instructed them that the plaintiff, having commenced a suit upon the note on the 12th day of April aforesaid, was bound to pursue that suit to a judgment, according to the ordinary course of collection, and that if he failed to obtain a judgment on said note against the maker, at the April term, 1834, through his own negligence, the defendant was discharged from his liability upon the guaranty, if the debt against the maker was lost in consequence of a judgment against him not being obtained at said April term.

The jury found a verdict for the defendant, and the plaintiff excepted.

*A. Warner* and *E. N. Briggs*, for plaintiff.

The court erred, in their charge to the jury, in giving a construction to the contract.

The construction of the contract was a matter of law.

The contract, as made by the parties, settled the terms of the guaranty, and gave the right to the plaintiff to proceed against the maker of the note, or not, at his option, until the 1st of July, 1834.

The fact, that the plaintiff commenced a suit immediately against the maker, did not alter his rights, unless he thereby worked an injury to the defendant.

*T. S. Harris*, for defendant.

The import of the guaranty was that the plaintiff should be able, with ordinary diligence, to collect the note of the maker, before 1st July, 1834, and that the latter should be responsible for the note up to that time.  *Foster* v. *Barney*, 3 Vt. Rep. 60.

The conduct of the plaintiff in immediately commencing a suit upon the note, shows such to have been *his* understanding of the guaranty.

The note failed of being collected by the plaintiff's fault, and the loss should be his.

The opinion of the court was delivered by

REDFIELD, J.—It is now settled law, that upon a guaranty, like the one in question, the person taking the security is bound to resort to legal measures within a reasonable time, and to pursue them with common diligence until the final event is thereby determined; or else prove, what would make any such resort useless, i. e. the absolute insolvency of the maker of the note.

This was not done in the present case. For, although a suit was seasonably commenced, it was, by the negligence of the plaintiff, or his attorney, suffered to be continued in court one term, and in consequence of that delay, as the jury have found, the note failed to be collected of the maker. Under this state of facts, we think the loss should fall upon the plaintiff.

It is argued that, by the terms of the guaranty, the plaintiff was not bound to resort to legal measures until the expiration of the time limited in the contract. We think this is not the most obvious meaning of the terms used. The limitation used seems to have reference to the time when the question of collection should be determined. This construction is favored by reference to the terms of court in this county, they being so arranged, that before the 1st day of July a course of law could be made effectual, if ever. The conduct of the plaintiff, in suing immediately, shows, that such was his understanding of the contract. Having elected so to treat the contract, *he* must now be bound by it.

Judgment affirmed.