GRANNIS & CO. v. MILLER & WILKINS.

1. An endorsement of a note past due, in these words, "I assign and guaranty the payment of this note, waiving demand and notice," is not an absolute and unconditional promise to pay the amount of the note, *presently*. The effect of the endorsement taken altogether, is, that the endorser is liable on the endorsement, on the ascertainment of the fact of the inability of the maker to pay.

2. In such a case, it is not necessary to establish the liability of the endorser, that a suit has been prosecuted in the mode pointed out by the statute, regulating the liability of endorsees on notes not payable in bank;—but it is sufficient to establish the inability of the maker to pay, either by the ineffectual prosecution of a suit in the ordinary mode, or by proof of the insolvency of the maker.

Error to the Circuit Court of Tuscaloosa County.

THIS action was *assumpsit*, brought by the plaintiffs in error as endorsees, against the defendants in error as endorsers, of a promissory note, made by one McCoy, and payable to D. A. Wilkins, on the 1st February, 1838. On which note were the

following endorsements:—"For value rec'd, I assign and guaranty the payment of this note, to Miller & Wilkins, waiving demand and notice, March 10th, 1838.

"D. A. WILKINS."

"For value rec'd, we assign and guaranty the payment of this note, to C. B. Grannis & Co., waiving demand and notice, March 10th, 1838.

"MILLER & WILKINS."

The declaration contains the common counts, and a special count which avers the making of the note,—describes the several endorsements, and concludes thus; "The said plaintiffs aver, that by reason of the premises, the said defendants became liable to pay unto the said plaintiffs, the sum of money in the said note specified, when thereunto afterwards requested. In consideration whereof, &c. they promised, &c. To this count there was a demurrer, which was sustained by the court.

Issue being taken on the common counts, the plaintiffs read to the jury the note, and endorsements and rested their cause: whereupon the court instructed the jury, that unless the plaintiffs proved that they had instituted suit against the maker of the note and prosecuted it to insolvency, they could not recover; to which the plaintiffs excepted; and now assign for error the charge of the court as set out in the bill of exceptions, and the decision of the court on the demurrer, to the first count of the declaration.

Wm. Cochran, for the plaintiff in error.
Phelan, contra.

ORMOND, J.—The special count in this case, is framed on the supposition, that the undertaking by the defendants in error, is an absolute and unconditional promise, to pay the amount of the promissory note *presently*.

The contract may be said to consist of two terms, which must be considered together, and effect, if possible, be given to both of them. First, it is an assignment of the note. This conveys the legal title to the note, and by our law, if not restrained by any other part of the contract, would impose a conditional

liability on the assignor, depending on the performance by the assignee, of the requisition of the statute;—" that suit be brought on the instrument against the maker, to the first court of the county where the maker resides, to which suit can be brought." Second, the assignors guaranty the payment of the note to the assignees. The effect of this stipulation clearly is to create a promise to pay the amount of the note to the assignees, if the maker is not able to pay; and limits and explains the terms of the contract by which the paper was assigned, by showing that the condition on which the liability of the assignors was to arise, was not the bringing suit to the first term of the court to which suit could be brought, and the return of *no property found,* to the execution, but that their liability should depend, on the fact of the ability of the maker of the note to pay it.

The first count of the declaration, supposes the contract to be a mere promise to pay the debt presently, without condition or qualification. As the note was past due when it was assigned, the time of payment is evidently postponed, until the ascertainment of the fact of the ability of the maker to pay. This fact could have been ascertained, either by the ineffectual prosecution of a suit in the ordinary mode, or by proof of insolvency, or inability to pay. The difference between the guaranty in this case, and an assignment under the statute, is, that no obligation is imposed thereby, to bring suit at the first term to which suit can be brought, or indeed to bring suit at all. It follows that the declaration is defective, in not averring that the maker of the note *is unable to pay the same*, and the demurrer was, therefore, correctly sustained. It is supposed by the counsel for the defendant in error, that the addition of the words, "*waiving demand and notice,*" characterizes the contract, and shews that it was an absolute promise to pay. It is probable, that these words were added, under the mistaken supposition, that a demand and notice of refusal to pay, was necessary to fix the liability of the guarantor. But whether such be the fact or not, it is impossible to put the construction contended for on these words, as it is inconceivable on that hypothesis, why the parties

60

did not make a promissory note at once. They certainly intended something short of an absolute, unconditional promise, and something more, than a mere transfer of the legal title to the note, or assignment under the statute, and this is satisfied by supposing the design to have been a transfer of the note, with a guaranty that the maker was able to pay it.

In Allen v. Rightmere, (20th Johnson Rep. 365,) the contract was, "I sell, assign, and guaranty the payment of the within note." The note was not due at the time of the assignment, and the court held the undertaking to be an absolute promise to pay, at the maturity of the note. It will be observed, that in the State of New York, the condition on which an indorser is liable, is that demand be made at the maturity of the note, and notice given of non-payment. This the guaranty dispensed with, and Chief Justice Spencer held that the undertaking was not conditional, but absolute; "that the maker shall pay the note when due, or that the defendant will himself pay it." See also the President and Directors of the Bank of New York v. Livingston, (2 Johnson cases 409.)

The parties having gone to the jury on the common counts, the court instructed the jury that the plaintiff could not recover without proving that suit had been brought against the maker of the note, and prosecuted to insolvency; in this the court erred; the charge should have been that the plaintiff was entitled to recover on proof that the maker was unable to pay the amount of the note, and for this error the judgment must be reversed and the cause remanded.