ROBERT C. USHER *vs.* THE TOWN OF COLCHESTER.

*U*, an inhabitant of a town of this state liable to draft under the laws of the United States, put a substitute volunteer into the army of the United States when no draft was impending, with a view to exempt himself from draft should any be thereafter made. A draft was subsequently made, and the volunteer so put in by *U* was credited upon the quota of the town, and lessened the number which would otherwise have been drawn therefrom. The town subsequently voted to pay *U* the sum which he had advanced to put in such volunteer. The officers of the town did not pay, and *U* brought suit against the town founded upon the vote.—Held, that as there was no previous request by the town, and no legal consideration for the promise moving from *U*, he could not recover.

Held also, that the acts of 1845, approved June 29th and July 25th, did not *impose* any legal liability founded upon such vote.

ASSUMPSIT ; superior court, New London county. Demurrer to the declaration and reservation for advice. The case is fully stated in the opinion.

*Halsey* and *Starkweather*, in support of the demurrer.

*Day* and *Davison*, contra.

BUTLER, J. The declaration in this case is defective in form and substance.

It alleges that the plaintiff was a resident of the town, and that on or about the first of September, 1864, he procured and put a substitute into the army of the United States, for the term of three years, by advancing the•sum of

Usher *v.* Town of Colchester.

three hundred dollars, which substitute was credited to and applied on the quota of the town, and assisted in filling it, and was of great and substantial benefit to the defendants, and that in consideration thereof they subsequently voted to pay said sum of three hundred dollars to him.   This is the substance of the material averments, and there is no allegation of a previous request by the defendants.

At the time when the plaintiff put in his substitute no draft was impending.   The plaintiff belonged to a class of the inhabitants who were liable to draft at the call of the President, under then existing laws of the United States, and put in his substitute without any request from the town, as a *volunteer*, for the purpose of exempting himself from any future draft which might be made.   Such a draft was subsequently made, but the plaintiff was not drawn.

The defendant town was under no legal obligation to furnish or pay for drafted men or substitutes, and the inhabitants were not *legally* benefited by the act of the plaintiff. He simply exempted himself from draft, and incidentally lessened the number which on a subsequent draft would be selected from the inhabitants of the town by the national government.

It is obvious that there was no legal consideration for the corporate promise, (if it can be considered a promise,) nor any request; and the town cannot be legally liable, unless made so by one of the special acts of the General Assembly to which reference has been made.

In the case of *Bartholomew* v. *Harwinton*, ante p. 408, we held the town liable, although no order had been given, and the vote of the town had not been approved and ratified after such ratification was authorized by law, because the party had expended his money in procuring a substitute after the vote was passed, and had acted upon the faith of it; and because the special act of 1864, (Public Acts of 1864, p. 39,) was applicable to such a vote, and in terms made it obligatory and binding upon the town.   We also held, in the case of *Waldo* v. *Portland*, ante p. 363, that the town was liable in an action upon an order given to a drafted man, in pursuance of a vote

Usher *v.* Town of Colchester.

which had been legally ratified, and upon the faith of which the drafted man had acted, and advanced a larger sum than that voted him by the town, and the plaintiff had taken the order and advanced the sum which the drafted man had thus expended, and no adverse corporate action had been taken.

But this case differs materially from either of them. The plaintiff advanced his money and put in a substitute without any request or promise, express or implied, from the town that he should be re-imbursed, and for the sole purpose of exempting himself from any future draft, if any should be made. The subsequent vote of the town, which authorized its officers to draw an order in his favor for a like sum, was a mere gratuity. The plaintiff has not received the order, and has done nothing upon the faith of the vote, and has therefore acted without request, and neither benefited the town in a legal sense nor acted on the faith of a promise. There is no foundation therefore for liability on the part of the town, unless that liability is imposed by the acts of the legislature.

But those acts are not like those of 1864. They do not expressly and in terms make such votes obligatory. They simply legalize them, and permit the town to pay if they wish without interference. They make them and the action of their agents under them, as valid as if such votes and acts had been previously authorized by law, but not necessarily obligatory. It is clearly our duty to assume that if the legislature had intended to make such votes, when not acted upon by the officers of the town, or the persons in whose favor passed, obligatory and binding absolutely and irrevocably, they would have used the language apt for that purpose, which they used in the act of 1864, or other equivalent language.

We advise judgment for the defendants.

In this opinion the other judges concurred.