### CHARLES M. MILES *vs.* JONATHAN E. LINNELL.

In an action by the payee of a promissory note against a guarantor upon condition that the payee should use due diligence to collect it of the maker, it appeared that the guaranty was made in May 1861; that the maker then lived in Louisville, Kentucky, and was poor and much in debt and had been so for some years; that at the time of the guaranty the guarantor referred the payee to a clergyman in Louisville, to whom the payee, in pursuance of this reference, sent the note for collection, to be placed, with a letter of instructions, in the hands of an attorney, which letter was first seen and approved by the guarantor; and that, about three years afterwards, without ever making any payment on the note, the maker secretly left Louisville, being deeply in debt there and having no visible property. *Held,* that the jury were warranted in finding, on this evidence, that the payee fulfilled the condition of the guaranty.

The liability of a surety on a promissory note is a sufficient consideration for his subsequent written guaranty of its payment, whether at the date of the guaranty the right of action on the note is or is not barred by the statute of limitations.

CONTRACT by the indorsee of a promissory note, payable on demand, and described in the following guaranty which the declaration alleged to have been executed by the defendant, in consideration that the plaintiff, being the holder of the note, would forbear to bring suit upon it: " Worcester, May 3, 1861. I hereby guaranty to Charles M. Miles the payment of a certain note bearing date May 1, 1855, signed by J. K. Clark, as principal, and J. E. Linnell, as surety, for $116, payable to C. M. & E. W. Miles, provided the present holder of the note, C. M. Miles, uses due diligence in efforts to collect the amount due from the principal, J. K. Clark." Writ dated April 17, 1866. Answer: the statute of limitations; want of consideration for the guaranty; and that the plaintiff did not use due diligence to collect the amount of the note from Clark.

At the trial in the superior court, before *Lord*, J., it was agreed that the plaintiff could show, if it should be material, that the note, although dated May 1, 1855, was not in fact delivered or written until the middle of that month and within six years before the execution of the defendant's guaranty. The plaintiff testified that a few days after the date of the note Clark removed to the West, and at the date of the guaranty and for some time previous resided at Louisville, Kentucky ; that in 1856 the plaintiff became the sole owner of the note, and at various times during the five years ensuing the defendant requested him to delay putting it in suit, saying that Clark was poor, that the defendant would remain holden upon the note, but desired not to take it up at the moment, as Clark would be less likely to pay it to him than to the plaintiff; and that on May 3, 1861, the defendant, at the same time that he signed the guaranty, signed and delivered to him also the following certificate, on the same piece of paper, which was introduced in evidence : " Worcester, May 1, 1861. This is to certify, that a note for $116, given by J. K. Clark and myself, jointly to C. M. & E. W. Miles, dated May 1, 1855, at my request has been or may be sent to Kentucky, where said Clark resides, for collection."

The plaintiff also testified that the defendant afterwards requested him to send the note for collection to Rev. J. H. Heywood at Louisville, and said that he would remain holden if he would do so ; and that a letter of instructions to Mr. Heywood, to be handed by him to the attorney to whom he should give the note, was written and shown to and approved by the defendant before it was sent; that the defendant expressly advised him " to tell the person to whom the note should be sent to use his own judgment in collecting it;" and that about a year after this he told the defendant that he did not hear from the note, and the defendant replied " that he would have to wait until the war was over; that they could not expect to hear until then." And the plaintiff further testified that when Clark left Worcester he was very poor and much in debt; that his debts there have never been paid; that he lived at Louisville until 1864, when he left there secretly, being deeply in debt there also, and having no visible property.

The defendant testified that it was true that the plaintiff, between the date of the note and the date of the guaranty, spoke to him repeatedly about the note, but that it was for the purpose of urging him to write to Clark to pay it for the alleged reason that Clark would be more likely to pay him than to pay the plaintiff; and he denied that he ever asked the plaintiff to delay suing Clark, or said that he would remain holden to him in consideration of his waiting upon Clark, or for any other consideration, or that the plaintiff ever asked him personally to pay the note. He admitted that he referred the plaintiff to Mr. Heywood, but said that he had no remembrance of ever seeing the letter of instructions, and denied ever saying that he would remain holden if the plaintiff would send the note to Kentucky for collection, or that Heywood might use his own judgment as to bringing suit on it, and further denied that from the date of the guaranty until a month before the beginning of this action the plaintiff ever spoke to him in relation to Clark, or the note, or the guaranty.

The judge instructed the jury that they might find a verdict for the plaintiff upon so much of the evidence introduced by him as was uncontroverted by the defendant. The jury returned a verdict for the plaintiff; the defendant alleged exceptions; and the judge reported the case for determination by this court.

*W. W. Rice,* for the defendant, on the point that the guaranty was without consideration, argued that to sustain a new promise to pay a note barred by the statute of limitations, the promisor must have received a benefit from the original contract which he is under a moral obligation to repay after his legal liability has been terminated or suspended by operation of law; but that a surety, being one who more often confers than receives a benefit, if once relieved by negligence of his creditor, is relieved from all obligation, legal or moral, and any new promise made by him is invalid without a new consideration; and cited *Mills* v. *Wyman* 3 Pick. 207; *Wennal* v. *Adney,* 3 Bos. & Pul. 249, note; *Valentine* v. *Foster,* 1 Met. 520.

*G. F. Hoar,* for the plaintiff.

CHAPMAN, J. The note of the defendant and Clark to the

plaintiff and E. W. Miles was dated May 1, 1855; but was not in fact given till about the middle of the month. It became a contract by delivering it to the payees, and the cause of action accrued at the time of the delivery. The statute of limitations begins to run from the time when the cause of action accrued, and not from the date of the instrument. Chit. Bills, 609.

But this point does not appear to be material. The statute of limitations does not extinguish a debt; it only bars the remedy by action; and after the time has elapsed, the right of action may be renewed by an acknowledgment of the debt or a promise to pay it without any new consideration. Chit. Con. (10th Am. ed.) 907. Our statute requires that the acknowledgment or promise shall be in writing. And there are many cases where it has been held that if the new promise to pay is conditional, the plaintiff must prove that the condition has been fulfilled. One of the recent cases is *Bidwell* v. *Rogers*, 10 Allen, 438.

In the present case the defendant, by his agreement in writing, signed by him, guaranteed the payment of the note, provided the plaintiff would use due diligence in efforts to collect the amount due from the principal. The principal then lived in Louisville, Kentucky, and had lived there several years; and at that time (May 3, 1861) the state of the country was such that it was difficult to collect debts in that place. It appears also that the principal was poor and had been so for some time. The plaintiff sent the note to a clergyman in Louisville for collection, to be placed, with a letter of instructions, in the hands of an attorney. He was referred to this clergyman by the defendant, and as the defendant does not deny that he saw the letter of instructions and approved of it, but merely denies any recollection of it, the jury were authorized to believe that the action of the plaintiff was approved by the defendant. It does not appear that the plaintiff could have done anything more than was done by the attorney; and from the undisputed evidence the jury were authorized to find that the plaintiff used due diligence, and that no reasonable efforts that could have been made to collect the debt would have been successful. The condition having thus been complied with, the defendant is liable to

pay the note. No authority has been cited to sustain the point that the fact of his being a surety makes any difference in this respect. *Exceptions overruled.*