36 1
66 462
36 1
67 454
36 1
73 405

CHAUNCEY RHODES *vs.* GEORGE W. SEYMOUR, EXECUTOR.

The law implies from the guaranty of a negotiable note a contract that the note is due, that the maker shall be of ability to pay it at maturity, and that it shall then be collectible by due diligence.

Due diligence imports not only a demand, but an attempt to collect by legal process unless excused by the insolvency of the makers.

The statute, (Gen. Statutes, tit. 45, sec. 2,) which provides that negotiable notes on demand shall be considered as over due after four months, applies to demand notes expressed to be with interest, and intended as continuing securities, and under the statute no days of grace are allowed.

Executors are agents or trustees only, whose duty it is to administer according to the will of the testator, and according to law, and not to subject the estate by their admissions.

Therefore where the defendant, the executor of an accommodation guarantor of a promissory note, after its maturity waived the exercise of diligence by the

holder against the makers, and promis·d to pay the note out of the estate. Held
that such waiver and promise were a breach of his duty and in excess of his
power, and were inoperative to bind him as executor.

And held that it made no difference that the executor was himself the sole legatee
and devisee under the will, it not appearing that creditors might not be injur-
ed, and the act itself as an official act being unlawful and inoperative.

Where the consideration of the defendant's promise is laid as past and executed,
it must appear that the act constituting the consideration was done at the de-
fendant's request.

But where it was averred that the defendant, in consideration that the plaintiff
*then* lent and advanced money to the makers of a note, endorsed the note, it
was held that it sufficiently appeared that the plaintiff, the makers of the note,
and the defendant, were together at the time of the transaction, and that all
that was done must have been concurrently done and with the assent of all, and
that it was not necessary in such a case to aver that the money was advanced
at the request of the defendant.

ASSUMPSIT, brought to the Superior Court in Hartford
County, against the defendant, as executor of Horace K. Sey-
mour, deceased, on the following instrument :—

" $500, Hartford, Dec. 28, 1865. On demand for value re-
ceived we promise to pay Chauncey Rhodes or order five hun-
dred dollars with interest.          DEMING & SEYMOUR."

                    (Endorsed,)
                          HORACE K. SEYMOUR.
                    _    GEORGE W. SEYMOUR.

The declaration contained four counts. The first count
alleged that " on the 28th day of December, 1865, in consid-
eration that the plaintiff then lent, advanced and furnished
to the firm of Deming & Seymour the sum of five hundred
dollars, the said Horace K. Seymour, then in life, endorsed
in blank the promissory note of said Deming & Seymour,
(describing it,) and by said endorsement the said Horace
K., then in life, then agreed and promised the plaintiff that
said note should be collectible of said Deming & Seymour
whenever within a reasonable time thereafter demanded of
said Deming & Seymour."

The second count, after stating the consideration and en-
dorsement as in the first count, alleged that " by said en-
dorsement the said Horace K., then in life, promised the
plaintiff that said note should be collectible of said Deming &

Seymour at its maturity, viz., on the first day of May, A. D. 1866."

The third count, after setting out the consideration and endorsement as in the preceding counts, proceeded as follows : " That on or about the 1st day of April, A. D. 1866, said Horace K. died ; that said George W., being one of the partners of said Deming & Seymour, duly qualified on the 14th day of April, A. D. 1866, as executor of the will of said Horace K. ; that the plaintiff made demand of said Deming & Seymour of payment of said note before May 1, A. D. 1866, and notified said George, executor as aforesaid, of said demand and of the non-payment of said note by said makers, and that said makers became immediately thereafter wholly insolvent; whereby and in consideration of the premises, the defendant, executor as aforesaid, became liable to the plaintiff upon said demand, and being so liable, then and there promised the plaintiff to pay him said five hundred dollars and interest from said 28th day of December, A. D. 1865."

The fourth count, after stating the consideration and endorsement as before, alleged that " by said endorsement, said Horace K., then in life, promised and agreed with the plaintiff that said note should be paid by said makers whenever thereafter payment should be demanded of them by the plaintiff."

On the trial in the Superior Court the following facts were found and the case reserved for the advice of this court.

The note in suit was executed on the day of its date by Deming & Seymour, endorsed in blank by Horace K. Seymour, and on the same day delivered to the plaintiff for a valuable consideration.

Horace K. Seymour died April 6, 1866, and the defendant proved his will and qualified as his executor April 14, 1866. Within two weeks afterwards the plaintiff, having the note with him, called upon the defendant, and asked him about the payment of it, and who were the commissioners upon the estate of Horace K. Seymour. The defendant replied that there were no commissioners on the estate, that he was the executor and understood all about the note, and that it would

be paid when the estate was settled. The defendant was sole legatee and devisee of the estate, except that part of the land given to the widow for her life.

Deming & Seymour were in possession of property sufficient to secure the payment of the note from the date of its execution until March, 1867, when their property was attached by creditors, and they immediately after made an assignment. The plaintiff had never brought suit on the note against Deming & Seymour.

The defendant objected to the testimony offered, and especially to the admission of the note in evidence, claiming that it was essentially variant from the contract declared upon, but the court admitted the note and the testimony. The defendant also claimed that no legal consideration for the promise of Horace K. Seymour was averred in either count of the declaration.

*H. C. Robinson*, for the plaintiff.

1. The contract of endorsement is correctly described. *Riddle* v. *Stevens*, 32 Conn., 378; *Case* v. *Spaulding*, 243 id., 578; *Beckwith* v. *Angell*, 6 id., 315.

2. The defendant has waived his right to require the plaintiff to exercise diligence against the makers by suit or otherwise. If the note was made past due by the plaintiff's demand on the 18th of April, then the defendant's after promise to pay at the settlement of the estate was most unquestionably a waiver. *Breed* v. *Hillhouse*, 7 Conn., 523, and cases cited; *Hopes* v. *Alder*, 6 East, 16, *note*; *Lundie* v. *Robertson*, 7 East, 231, and cases cited; *Martin* v. *Winslow*, 2 Mason, 241; *Thornton* v. *Wynn*, 12 Wheat., 183. If this is a four months note by force of the statute in regard to the maturity of demand notes, then the guarantor's promise was made before its maturity, and is still more clearly a waiver. *Savage* v. *Bevier*, 12 How. Prac. R., 166; *Leonard* v. *Gary*, 10 Wend., 504. The defendant as executor could require diligence of the holder, whether demand, notice, or suit. *Oriental Bank* v. *Blake*, 22 Pick., 206. And of course could

waive what he could require, especially as he is the beneficiary of the will. *Husted* v. *Hoyt*, 12 Conn., 160; *Sheldon* v. *Chapman*, 31 N. York, 644; *Gove* v. *Vining*, 7 Met.; 212; *Kent* v. *Warner*, 12 Allen, 561; Story Prom. Notes, § 284; *Sharp* v. *Bailey*, 9 Barn. & Cress., 44; *Taunton Bank* v. *Richardson*, 5 Pick., 436; *Nicholson* v. *Gouthit*, 2 H. Bla., 609; *Rhett* v. *Poe*, 2 How., 457. The liability of the defendant, with the consideration of delay resulting from his promise to pay, laid sufficient foundation for the defendant's promise set out in the declaration.

*C. Chapman* and *Barbour*, for the defendant, cited *Bradley* v. *Phelps*, 2 Root, 325; Swift's Ev., 342, 347; *Huntington* v. *Harvey*, 4 Conn., 124; *Welton* v. *Scott*, id., 527; *Prentiss* v. *Danielson*, 5 id., 175; *Perkins* v. *Catlin*, 11 id., 213; *Laflin* v. *Pomeroy*, id., 440; *Castle* v. *Candee*, 16 id., 223; *Peck* v. *Botsford*, 7 id., 172; 1 Chitty Pl., 295 and note 1, 306; 1 Swift's Dig., 706, 710; 1 Saund. Pl. & Ev., 189, 190.

BUTLER, J. None of the counts of this declaration set forth such a contract as the law implies from such a blank endorsement.

The contract so implied contains three elements, viz : 1st, that the note is due; 2d, that the maker shall be of ability to pay it when it reaches maturity; and 3d, that it shall then be collectible by due diligence. The contract set forth in the declaration is variant, because it is not alleged in any of the counts that the endorser warranted that the note should be collectible by the use of due diligence. While therefore the contract implied by law is *conditional* in requiring due diligence from the holder, which this court have said imports not only a demand, but an attempt to collect by legal process, (unless excused by the insolvency of the makers,) the contract set up in the declaration is substantially *absolute* omitting entirely the third and conditional element of diligence, and importing that the note should be paid by the makers when due and demanded.

It is true that by the rules of the law applicable to instruments and endorsements of this nature, the plaintiff might have written over the name of the defendant or given in evidence and recovered upon, just such a special contract as is set out in the declaration, if such a contract had been in fact and expressly made between the parties. But it is not found or claimed that any such special contract was made, and it is obvious that the plaintiff cannot recover under this declaration on the contract implied by the law.

Inasmuch however as this is a reserved case, and must go back in any event, and the plaintiff will have an opportunity to amend his declaration, and the other questions involved have been reserved and argued, we deem it our duty to express an opinion upon them.

The note in question, although on demand and negotiable, is also expressed to be " with interest." From this and the other facts found, it sufficiently appears that an immediate demand was not contemplated, and that the note was intended to lie as a continuing security. The plaintiff therefore would not have been bound to make any demand upon the makers, or use any diligence for the collection of the note prior to their insolvency, (unless required to do so by the endorser or his representative,) but for the statute of 1865. That statute enacts that " any negotiable promissory note executed subsequent to the 1st day of October, 1865, and payable on demand, which remains unpaid four months from its date, shall be considered overdue and dishonored after that time," and if it has any application to this description of demand notes, or is to have any effect upon them, it requires the holders of them to make demand, and exercise the diligence required by law, at the end of four months from the date of the note. The language is broad and imperative, and whatever we may think of the policy of the law, we are not at liberty to doubt the intention of the Legislature to apply its provisions to such notes and endorsements. No days of grace can be allowed ; and although parties are still at liberty to make contracts of this character, they cannot be treated as continuing securities, or the reasonable time for demand which they in-

volve be extended, without further agreement or some waiver, beyond the time fixed by the statute. It was the duty therefore of the plaintiff in this case to make demand of the makers at the end of four months, without grace, and upon non-payment to secure the debt by attachment. That duty he did not perform, and we are brought to the question whether there was any further agreement or waiver, which excused him from the exercise of that diligence which the law requires in such cases.

' When the note became due by force of the statute, the endorser was dead, and the defendant, one of the makers, was his executor. A demand was made of the makers of the note just before its maturity, but no diligence was attempted against them afterward, nor was such diligence excused by their insolvency, or any agreement or waiver by the endorser when in life. The case then turns upon the question whether there was a waiver by the executor, and if so, whether it was competent for him to make it.

That there was such waiver *in fact* cannot be doubted. The plaintiff called upon the executor, (the defendant,) and asked him about the payment of the note, and who the commissioners were upon the estate of the endorser. The defendant replied that " there were no commissioners on the estate, that he was the executor and understood all about the note, and that it would be paid when the estate was settled." There can be no question that this would have been a sufficient waiver of demand and notice in respect to a note on time ; and of diligence respecting this, if made by the endorser when in life. It imported a promise and was tantamount to saying, " rest easy, the estate is in the process of settlement, and at the proper time I will pay the note from the funds of the estate." But could the executor make it so as to bind himself or the estate ? If so, the plaintiff upon an amended declaration will be entitled to recover, if not, the defendant can never be subjected as executor.

It is well settled by authoritative decisions in this state and elsewhere, that executors are agents or trustees only, whose duty it is to administer according to the will of the

testator and according to law, and not to subject the estate by their admissions." *Pease* v. *Phelps,* 10 Conn., 68, and cases cited.

If it appeared that the loan was made equitably to the endorser, and he was the principal debtor, and the makers were sureties, the executor might waive. But the endorser here, for aught that appears, was a mere surety, and it was not only the duty of the plaintiff, but the imperative duty of the executor, to see that due diligence was used to collect the note of the makers and exempt the estate of the endorser. To that end it was his duty to require of the plaintiff the exercise of due diligence when the note matured. When therefore the executor attempted to subject the estate by the admission or waiver set forth, without requiring that diligence, he neglected his duty and exceeded his power, and although the plaintiff may not in fact have known all this, and probably did not, yet he must be presumed to have known it, and that if he relied on the waiver he did it at his peril. The law will not lend its aid to enforce such a contract under such circumstances. As therefore there was a want of due diligence in this case, and the waiver relied upon was unlawful and therefore inoperative, the executor cannot be subjected in the action.

It has been claimed that the case should be treated as exceptional, because the executor is sole devisee of the estate, except as to part of the land given to the widow for life. But it cannot be so treated for two reasons; first, because the neglect to require due diligence was a breach of duty, and the waiver unlawful and utterly inoperative ; and second, because, although it appears that no commissioners had been appointed at the time the waiver was made, it is not found and does not appear that the estate was solvent, and that no creditor or other person would be injured if the plaintiff should recover and the estate be subjected, and those facts cannot be presumed.

We should have no difficulty with the objection of the defendant, that no legal consideration for the promise of the

Rhodes v. Seymour.

endorser was averred because no request was alleged, if the case was otherwise with the plaintiff.

It is true that where the consideration of a promise is laid as past and executed, it must be averred that the promise or act constituting the consideration was made or done at the request of the defendant. We so held in *Usher* v. *Colchester*, 33 Conn., 567. But the consideration in this case is not laid as a past or executed consideration. In one, if not in all the counts, it is laid as *cotemporaneous.* There are many cases where a request may be implied from the beneficial nature of the consideration, and the circumstances of the transaction; and then, if the beneficial nature or the circumstances are sufficiently alleged to authorize the implication of a request, the averment of a special request is unnecessary. Here it is alleged in the second count that the endorser, in consideration that the plaintiff *then* lent and advanced the money to the makers, endorsed the note, &c. This is a sufficient averment that the parties were all together, and that the money was loaned by one, the note executed by another, and the endorsement made by the third, at the same time. It would be immaterial in such a case how or by whom a desire or request was expressed when the parties were all so present, for there must have been a desire that each act should be done, and that desire expressed and assented to, or the acts would not have been done. That in some form a request was made and assented to, and a mutual understanding had, and acted upon, at the time, must be therefore necessarily implied, and the case is within a recognized class of exceptions to the rule relied on. *Livingston* v. *Rogers*, 1 Caines Cas., 583.

For these reasons we are of opinion that the action cannot be maintained, even under an amended declaration, and advise the Superior Court to render judgment for the defendant.

In this opinion the other judges concurred.