JOSEPH TOMLINSON vs. THE TOWN OF HUNTINGTON.

Held that the vote of a town appropriating money for the purpose of paying a bounty to each man who might be drafted into the military service of the United States, was not confirmed by the "Act to confirm the doings of towns in certain cases" approved July 6th, 1864, or the Acts of June 29th and July 21st, 1865, so far as to render the town liable to refund commutation money paid by a drafted man.

ASSUMPSIT to recover the sum of $300, commutation money paid by the plaintiff on being drafted into the military service of the United States; brought to the Superior Court, and reserved for advice on the following facts found by a committee:

On the 22d of August, 1863, a draft was had at Bridge port, in and for the fourth congressional district of Connecticut, (within which district the defendant town is situated, and of which it forms a part,) under laws of the United States relating to the military forces, and the plaintiff was then and there drafted into the United States' military service. A notice thereof was duly served upon the plaintiff pursuant to said laws, by which the plaintiff was notified and required to report on a day therein named to the board of enrollment at Bridgeport. The plaintiff appeared at the office of the board pursuant to said requirement, and on the 9th of Septem ber, 1863, was inspected by the surgeon of the board, and was accepted by the board as liable to such service. On the 22d of the same month he paid three hundred dollars for commutation, and was no longer held for service, but was credited to the quota of the defendant town, where he resided and in which he was enrolled as liable to draft.

A meeting of the defendant town was duly warned and held on the 1st of August, 1863, at which the following votes were passed: "Voted, That a sum of money not exceeding six thousand dollars be appropriated from the treasury of the town, for the purpose of paying a bounty to each man that may be drafted into the United States' service, and accepted by the examining surgeon, not exceeding three hundred dollars each.

" *Voted,* That the selectmen be instructed to borrow money to carry the preceding vote into effect, on the credit of the town."

Another meeting of the town was duly warned and held on the 29th of August, 1863, at which the following votes were passed:

" *Voted,* That the selectmen do not borrow money for the paying of drafted men.

" *Voted,* That the selectmen are instructed not to draw any orders on the treasury of the town to pay bounties to drafted men, nor to borrow any money on the credit of the town."

The town had no money in its treasury when the votes of August 1st were passed. No money was borrowed in pursuance of those votes, and the sole act of the town in appropriating money for the benefit of the men drafted on the 22d of August, was the passage of the votes of August 1st. No meeting of the town was ever held, nor any action taken by it or its agents, with reference to confirming, repudiating or carrying into effect the votes of August 1st, other than the meeting and the votes of August 29th, nor was any inducement or promise held out or made to the plaintiff by the selectmen or other agents of the town.

*Treat* and *Bullock,* for the plaintiff.

*Wooster,* for the defendants.

BUTLER, C. J. This is a reserved case, and on careful consideration of it we are satisfied that judgment must be rendered for the defendant.

It is conceded that the town had no authority to pass the vote relied on at the time the same was passed, and that there was no ratification of the vote by the town, pursuant to the Act of November 13th, 1863, and that, unless subsequently confirmed by the General Assembly, it remains void. There is no confirming statute that is applicable to the case, unless it be the Act of July 6th, 1864. We are satisfied that the

vote was not confirmed by that Act so far as it involved the refunding of commutation money to the plaintiff.

The Act of November 13th, 1863, did authorize a confirmation in all cases where towns had appropriated money to assist persons drafted, by paying or refunding their commutation, as well as for procuring substitutes or refunding monies paid therefor, or paying a bounty to, and aiding the families of, those who entered the service. Three descriptions of appropriations therefore were contemplated by that Act, viz: for commutation, for procuring or paying for substitutes, and for giving a bounty to, and aiding the families of, those who went into the service. It was the intention of the legislature that every town should act, and confirm or refuse to confirm all such appropriations, and therefore they made it the duty of the selectmen to call meetings for that purpose, under a penalty of $500 to be forfeited by them to the treasury of the state, and to be recovered by the State Attorneys of the several counties. The officers of the defendant town called no meeting, probably for the reason that they considered the votes of the meeting of August·29th a legal rescission of the vote of August 1st. Whether they were right in that construction or not we need not inquire. The town, in fact, held no meeting under the Act of November 13th, 1863, and without subsequent authority and action, or confirmation by the legislature, the vote remained void.

When in July, 1864, the legislature came to consider the propriety of validating appropriations made by towns which had not confirmed their votes, and passed the Act of that date, they obviously did not think it just to validate arbitrarily the action of such towns, so far as they related to appropriations for the payment of commutation money, probably because such payment had in most cases been made by those able to make it. They therefore limited the confirmation to cases where the drafted man had entered the service, or furnished a substitute. So far forth then as the vote of August 1st, if unrescinded, contemplated the payment or refunding of commutation money, it remains void, for so far forth the Act of July 6th, 1864, has never operated upon it.

We have been referred to the Acts of June 29, and July 21st, 1865. The construction of those acts was involved in the decision of *Usher* v. *Colchester*, 33 Conn., 567. The court, as then constituted, were of opinion that those Acts did not make such votes so absolutely obligatory upon the towns that with-out further action by them they could be subjected to an ac-tion upon them. The court is now, to some extent, differently constituted, and we have carefully re-examined those Acts, and are still of opinion that they do not reach to and confirm the vote in question, so that the plaintiff can maintain his action. The Act of June 29th, as passed, had relation to obligations incurred by towns to creditors and agents; and that of July 21st contemplated further and voluntary action by them. In the revision of 1866 those Acts were embodied in a single sec-tion, which admits of no other construction, and we are con-strained to advise that judgment be rendered for the defendants.

In this opinion the other judges concurred.