D. M. OSBORNE & Co. *vs.* PETER THOMPSON.

May 5, 1887.

**Guaranty of Collection—Promissory Note—Proof of Maker's Insolvency.**—Where the holder of a note brings suit against the guarantor of collection, without having first attempted to collect from the maker by due process of law, it is incumbent on him, in order to recover, to prove that the maker was, at the maturity of the note, and still continues, so utterly insolvent that an action against him would have been fruitless.

Appeal by plaintiff (a corporation) from a judgment of the district court for Nobles county, where the action was tried by *Perkins, J.,* a jury being waived. The action was on the following guaranty indorsed on the note of one Chaney: "I hereby guarantee the collection of the within note, waiving demand, notice, and protest.   Peter Thompson." There was no averment or proof of any attempt to enforce payment by legal proceedings against the maker, and the court found that it was not proved that the maker had been since the maturity of the note so utterly insolvent as to render such proceedings fruitless.

*Russell, Emery & Reed,* for appellant.

*Daniel Rohrer,* for respondent.

MITCHELL, J.   1. The plaintiffs never having attempted to collect this note from the maker by due course of law, it was incumbent on them, in order to recover from defendant, (who guaranteed collection,) to prove that the maker was, at the maturity of the note, and still continued, so utterly insolvent that an action against him would be fruitless.   *Brackett* v. *Rich,* 23 Minn. 485.   We have examined the evidence on this point, and are of opinion that it supports the finding of the court that the maker had not been, from the maturity of the note, up to the commencement of this action, so utterly insolvent that an action against him on the note would have been fruitless, if prosecuted with due and reasonable diligence.

2. Conceding that the question to witness Bennett, referred to in first assignment of error, should have been whether the amount could have been collected of the maker *by legal process,* defendant was not

prejudiced, because the answer of the witness (that he thought it could have been collected on execution) was competent, according to appellant's own contention.

3. Even if the court erred in overruling plaintiffs' objection to the question to the witness Chaney, referred to in the second assignment of error, it was error without prejudice, inasmuch as the answer of the witness could not have possibly harmed the plaintiffs.

Judgment affirmed.