CHARLOTTE TEMPLE *vs.* EDWIN H. BUSH.

Third Judicial District, New Haven, June Term, 1903.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

The power of the court to grant a nonsuit, if in its opinion a *prima facie* case has not been made out (General Statutes, § 761), is a salutary safeguard against the presentation of frivolous claims to the jury.

Evidence that the president of an insolvent corporation who had been authorized to use its funds to make such settlements with its creditors as he could, told one of them that she need not worry about her notes, as there would be money enough to pay them when all claims were settled, does not tend to prove that he assumed a personal liability to her, or was subject to a trust in her favor. Nor does his promise to pay the interest upon a mortgage on her house tend to prove that he had money in his hands due to her.

An oral promise by an officer of a corporation to pay personally one of its creditors in full, if the company's funds proved insufficient, is within the statute of frauds, General Statutes, § 1089.

Whether a reason of appeal founded on the exclusion of evidence, too general to satisfy the requirements of General Statutes, § 798, in ordinary cases, would be sufficient in an appeal from the refusal to set aside a judgment of nonsuit, *quære*.

Submitted on briefs June 2d—decided July 24th, 1903.

ACTION for money had and received to the plaintiff's use; brought to the Court of Common Pleas for Fairfield County and tried to the jury before *Curtis, J.* When the plaintiff's evidence was all in the defendant moved for a nonsuit, which was granted, and a motion subsequently made to set aside the nonsuit was denied. *No error.*

*John J. Walsh* and *Joseph A. Gray*, for the appellant (plaintiff).

*John H. Light* and *William F. Tammany*, for the appellee (defendant).

BALDWIN, J. The power of the court, under General Statutes, § 761, to grant a nonsuit, after the production of the plaintiff's evidence, if of opinion that a *prima facie* case has not been made out, is a salutary safeguard against the presentation of frivolous claims to the consideration of a jury. In the case at bar it was admitted or proved that the defendant, being the president and managing officer of an insolvent corporation, and in control of its funds, was authorized by the corporation and its other officers to use them in making the best settlement which he could effect with its creditors; and that the plaintiff held two of its notes. It was alleged by the plaintiff and denied by the defendant, that part of these funds were placed in his possession for the purpose of paying these notes in full, under an agreement to that effect between him and all the creditors. The plaintiff offered evidence that the defendant told her, before the creditors had entered into any such agreement, that she need not worry about her notes, for there would be enough to pay them in full when all the claims were settled.

This was properly excluded. Such declarations had no

Temple *v*. Bush.

legitimate tendency to strengthen or to support the claim that he assumed a personal liability to the plaintiff, or was subject to a trust in her favor. His responsibility, at that stage of the transaction, was solely to the company, and at most his remarks only indicated his opinion that he should be able, as its agent, to effect such settlements with its other creditors as would enable him to pay her in full.

Evidence was introduced that all the creditors agreed that certain notes, including the plaintiff's, should be paid in full; that the others would accept 75 per cent. of their claims in full settlement; and that it should be left with the defendant to make these payments, he orally undertaking to supply any balance himself, in case of a deficiency. She also testified that afterwards, when taxed by her with having money in his hands reserved to pay her notes, he denied it, but promised to pay the interest on a mortgage upon her house as long as her mother lived.

No reasonable inference could be drawn from this promise that he had or admitted that he had in his hands moneys due to the plaintiff. His oral undertaking to supply further funds himself to complete the payment of her notes, in case of any deficiency of those of the company, could not avail her by reason of the statute of frauds. General Statutes, § 1089. It was vital to her case to show that funds were placed in his hands to pay her notes; and of this there was, in point of law, no substantial evidence. *Cook* v. *Morris*, 66 Conn. 196, 208.

The reason of appeal founded on the exclusion of evidence did not describe in any way the evidence excluded. Such an assignment of error would have been too general to satisfy the statute, in an ordinary case. General Statutes, § 798. Without deciding whether it can be considered sufficient upon an appeal in a case of nonsuit, we have thought proper to give it full consideration, in view of the possibility of the institution of another action.

There is no error.

In this opinion the other judges concurred.