NORTHWEST THRESHER COMPANY v. B. O. DAHLTORP and Others.[1]

April 24, 1908.

Nos. 15,684—(118).

**Statute of Limitations—Partial Payments.**

Partial payments by the principal debtor will not prevent the running of the statute of limitations as to the guarantor of a promissory note, unless the contract of guaranty expressly so provides.

**Same—Guaranty.**

The contract of guaranty here under consideration does. not so provide.

Action in the district court for Lyon county against Arndt O. Dahltorp, Ole A. Brown and B. O. Dahltorp to recover $458.24 upon certain promissory notes. At the close of plaintiff's case Arndt O. Dahltorp offered judgment against himself for $500, and on motion of B. O. Dahltorp the court, Olsen, J., dismissed the action as to him on the ground that it was barred as to him. From an order denying a new trial as to B. O. Dahltorp, plaintiff appealed. Affirmed.

*Thos. E. Davis,* and *S. Blair McBeath,* for appellant.

*N. J. Robinson,* for respondent.

LEWIS, J.

On July 31, 1894, Arndt O. Dahltorp and Ole A. Brown executed certain promissory notes to the order of the Minnesota Thresher Manufacturing Company, each in the sum of $226, due December 1, 1895, and December 1, 1896, respectively. August 14, 1894, respondent B. O. Dahltorp executed the following indorsement on the back of each note:

"For value received, I hereby guarantee the payment of the within note and interest, three months after its maturity, or at any time thereafter, on demand of Minnesota Thresher Manufacturing Company, or order, hereby waiving notice, demand, protest, diligence in collecting, and prejudice by renewals or extensions."

The notes were duly assigned to appellant, and the maker made va-

[1] Reported in 116 N. W. 106.

rious payments thereon, which, as to him, prevented the running of the statute of limitations at the time of the commencement of this action. Respondent never made any payments, and no demand was ever made upon him until more than six years after maturity of the notes. This action was prosecuted against respondent as guarantor, upon the theory that the payments made by the maker barred the running of the statute of limitations as to the guarantor. It is the rule in this jurisdiction that a guarantor or surety upon a promissory note is released by an extension of the time of payment of the note, without notice to the guarantor or surety, and by the neglect of the holder to pursue his remedy against the maker, unless it is provided to the contrary by the contract of suretyship or guarantee. Hungerford v. O'Brien, 37 Minn. 306, 34 N. W. 161; D. M. Osborne & Co. v. Thompson, 36 Minn. 528, 33 N. W. 1.

Appellant submits that the peculiar language of the contract was sufficient to show an intention on the part of the guarantor to absolutely assume payment of the debt during any time in which recovery could be had against the maker. The words of the contract, "hereby waiving notice, demand, protest, diligence in collecting, and prejudice by renewals or extensions," are not sufficient to express such purpose. The express contract is that the guarantor will pay the notes three months after their maturity, or at any time thereafter on demand. This express language would be of no effect if the suggestion of appellant was adopted. The guarantor simply waived notice, demand, etc., within the express terms of his contract. The guarantor on such a contract occupies the same position to the maker as a joint maker does to the other joint makers, in which case the rule is that a partial payment by one joint maker will not prevent the running of the statute of limitations as to the other makers. Atwood v. Lammers, 97 Minn. 214, 106 N. W. 310. Nor will a partial payment by the principal debtor suspend the running of the statute of limitations in favor of a surety. Mozingo v. Ross, 150 Ind. 688, 50 N. E. 867, 41 L. R. A. 612, 65 Am. St. 387.

Affirmed.