JOSEPH BEITLER ET AL *vs.* JOSEPH A. RUDKIN.

Third Judicial District, New Haven, January Term, 1926.
WHEELER, C. J., CURTIS, MALTBIE, HAINES and HINMAN, Js.

Reasons of appeal, based upon the charge to the jury, which contain merely general objections to the charge as a whole, do not meet the requirement of the rule that all errors must be distinctly and specifically assigned.

In the case of a conditional guaranty, the liability of the guarantor is dependent not only upon the default of the principal debtor or obligor, but also upon the creditor's use of every reasonable effort to collect the debt from, or enforce the obligation against, the principal, unless there is sufficient excuse for his failure to do so.

It is the established rule in this State that where the principal debtor or obligor is clearly insolvent, the exercise of reasonable diligence by the creditor does not require the bringing of a fruitless, expensive, and vexatious suit as a condition precedent

Beitler *v.* Rudkin.

to the liability of the guarantor; and, similarly, where the principal has been adjudicated a bankrupt, the creditor is not bound to present and prove his claim in the bankruptcy court before pursuing his remedy upon the guaranty.

Unless the evidence is before this court, it cannot review the action of the trial judge in denying a motion to set aside the verdict.

Where A guarantees the payment by B of a bill of goods, uncertain in amount, to be sold to him by C, it is the duty of C to notify A within a reasonable time of any sales made to B in accordance therewith and of the amounts involved. It is only thus that exactness and precision may be given to mercantile transactions of this character, and that the rights and interests of A may be protected.

Argued January 28th—decided May 7th, 1926.

ACTION upon an alleged guaranty by the defendant of the payment of the price of certain goods sold to a third party by the plaintiffs, brought to the District Court of Waterbury and tried to the jury before *Makepeace, J.;* verdict and judgment for the defendant, and appeal by the plaintiffs. *Error and new trial ordered.*

*Sidney S. Cassel,* with whom, on the brief, was *Morris L. Robin,* for the appellants (plaintiffs).

*Joseph J. Davis,* with whom, on the brief, was *Herman J. Weisman,* for the appellee (defendant).

HAINES, J. The first four reasons of appeal relate to the charge, and the remaining reason to the action of the court upon the motion to set aside the verdict.

The first assignment is directed to the charge as a whole, in not presenting all the issues to the jury; that it was inadequate and not a sufficient guide to the jury on all the questions of law; that it was too broad, contained matters of law which were "too far fetched," and did not apply to the issues in said case.

This does not comply with our rule, is not a proper assignment of error, and does not merit our consideration. It should be distinctly and specifically stated

in what respects and how these general objections apply. Practice Book, pp. 100, 107; General Statutes, § 5833.

"The reasons for the rule are apparent and weighty, and it should be observed in both letter and spirit. The letter requires particularity and definiteness. . . . A proper compliance with the rule, therefore, permits an appellant to assign such errors of law as are in good faith claimed by him to have been committed and of which he has a reasonable expectation that he may wish to take advantage, and none other, and requires that these errors be assigned individually and not in gross." *Farrell* v. *Eastern Machinery Co.,* 77 Conn. 484, 493, 59 Atl. 611; *Temple* v. *Bush,* 76 Conn. 41, 43, 55 Atl. 557; *Harper Machinery Co.* v. *Ryan-Unmack Co.,* 85 Conn. 359, 363, 82 Atl. 1027; *Fagerholm* v. *Nielson,* 93 Conn. 380, 387, 106 Atl. 333; *Hine* v. *McNerney,* 97 Conn. 308, 309, 310, 116 Atl. 610.

The second assignment of error is open to criticism for much the same reason, in that it makes the general claim only that the court erred in those portions of the charge quoted, and does not point out specifically, the error or errors complained of. *State* v. *Tripp,* 84 Conn. 640, 643, 81 Atl. 247; *Johnson* v. *Cooke,* 85 Conn. 679, 683, 84 Atl. 97; *Ferrigino* v. *Keasbey,* 93 Conn. 445, 449, 106 Atl. 445.

We conclude, from the briefs and arguments, that the plaintiffs contend it was error to charge that the plaintiffs were required to prove their claim in the bankruptcy court. The further statement of the court, that the proper placing of the claim in the mails, satisfied that requirement, is so obviously favorable to the plaintiffs, that we cannot assume it to be in fact questioned by them though it appears in the general statement which they claim was erroneous.

The question whether the guaranty related solely to the first bill of goods, or was a continuing one and covered the second purchase, was a vital issue before the jury. The verdict was for the defendant, and if, as they reasonably could have done for aught that appears, the jury believed the evidence of the defendant upon this point, viz.: "At no time did he guarantee any other purchases than the one order of October 24th, 1922," then that verdict was of course correct. This issue was before the jury with others, however, and upon their general verdict, we cannot of course, know whether or not they held this guaranty to be a continuing one. Special interrogatories submitted to them would have removed this uncertainty and might even have rendered the appeal unnecessary.

As we have seen, the guaranty was not an absolute, but a conditional one. In such cases "the liability of the guarantor generally is not determined by the single fact of the default of the principal debtor or obligor, but the person guaranteed should use every reasonable effort to collect the debt from, or enforce the obligation against, the principal, unless there is a sufficient excuse for his not doing so." 28 Corpus Juris, pp. 969, 970; *Cowles* v. *Peck*, 55 Conn. 251, 254, 10 Atl. 569; *Lemmon* v. *Strong*, 55 Conn. 443, 446, 13 Atl. 140; *Allen* v. *Rundle*, 50 Conn. 9, 20.

In this aspect of the case, the last statement of the claimed erroneous charge as set forth in the second reason of appeal, was not an incorrect general statement of the law, viz.: "It is incumbent upon the plaintiff to exhaust all feasible remedies against Cohen, and to use due care and due diligence in attempting to collect from Cohen, before he can collect from the guarantor, and if he shall fail to use such due diligence, then he has no remedy against the defendant." The portion of the charge to which the plaintiffs must

be assumed to have directed their objection, is that in which the court told the jury that it was necessary for the plaintiffs to try to collect from Cohen, by presenting their claim to the bankruptcy court, in order to meet this requirement of due diligence, and as a condition precedent to fixing responsibility upon the guarantor.

Some jurisdictions, notably New York, Michigan and Wisconsin, hold that suit is necessary as a prerequisite to the enforcement of the claim against the guarantor, but it is the rule in most jurisdictions, and has been held in this State on what seems to us the sounder reasoning, that the requirement of due diligence does not impose this obligation upon the creditor where the debtor is clearly insolvent, or in other words, the creditor is excused from bringing suit. The following decisions support the majority view: *Sanford* v. *Allen,* 55 Mass. (1 Cush) 473; *Miles* v. *Linnell,* 97 Mass. 298; *Wheeler* v. *Lewis,* 11 Vt. 265; *Bull* v. *Bliss,* 30 Vt. 127; *Dana* v. *Conant,* 30 Vt. 246; *Brackett* v. *Rich,* 23 Minn. 485; *Osborne & Co.* v. *Thompson,* 36 Minn. 528, 33 N. W. 1; *Stone* v. *Rockefeller,* 29 Ohio St. 625; *National Bank* v. *Thomas,* 220 Pa. St. 360, 69 Atl. 813; *Janes* v. *Scott,* 59 Pa. St. 178; *McClurg* v. *Fryer & Anderson,* 15 Pa. St. 293; *Woods* v. *Sherman,* 71 Pa. St. 100; *Wheeler* v. *Dake,* 129 Mo. App. 547, 107 S. W. 1105; *Grannis & Co.* v. *Miller & Wilkins,* 1 Ala. 471; *Gilligan* v. *Boardman,* 29 Me. 79, 82; *Osborne* v. *Smith,* 18 Fed. 126, 130; *Johnson* v. *Norton Co.,* 159 Fed. 361; 26 Amer. Law Reg. 139; *Perkins* v. *Catlin,* 11 Conn. 213; *Ransom* v. *Sherwood,* 26 Conn. 437; *Rhodes* v. *Seymour,* 36 Conn. 1; *Gillespie* v. *Wheeler,* 46 Conn. 410; *Allen* v. *Rundle,* 50 Conn. 9; *Beardsley* v. *Hawes,* 71 Conn. 39, 40 Atl. 1043.

The reasoning of these authorities, in general, seems to be that the guarantor in effect guarantees the sol-

vency of his principal during the continuance of the guaranty, and that the effort to collect by suit would be vexatious, expensive, a cause of delay, and largely nugatory.

Our attention has been directed to no decisions upon the precise question whether the creditor must present his claim to the bankruptcy court wherein the debtor's estate is being settled, but the reasoning which supports the view that it is not necessary to bring suit in case of the insolvency of the debtor applies to the proof of claim in the bankruptcy court, and we hold that it has the same effect, so that it is not necessary to make such proof in order to meet the requirement of due diligence. In this particular then, the charge of the court was erroneous.

As to the third reason of appeal: It is to be noted that the plaintiffs made no requests to charge, though the reason is put in quotation marks as though it was in fact requested of the court. The fourth reason purports to be taken from the charge as given by the court, but an examination of the charge, which is given in full in the record, shows that the statement quoted was not in fact made by the court.

As to both of these reasons, however, relating as they do to the burden of proof, it is sufficient to say that the statements of the court on this feature of the case, as shown by the record, were correct and adequate.

The fifth and last reason of appeal is for error "in setting aside the verdict . . . because said verdict was contrary to the laws of the case." The verdict was not set aside, and we treat this as a claim of error for refusing to do so, which is obviously what the appellant intended to say.

The evidence is not before us, and the motion is not made a part of the record, so the only intimation we

have as to its contents is contained in the reason of appeal and in the briefs and arguments of counsel. We cannot say the court erred.

Since a new trial must be ordered, we shall, in the interests of a just conclusion of this litigation, refer briefly to one feature of the case which appears upon the record but has not been discussed by counsel upon this appeal.

The record shows the parties agreed that a conditional guaranty was made by the defendant; that it was to secure the payment by one Cohen for goods to be sold to him by the plaintiffs; that the guaranty was given October 24th, 1922; that it was limited to $200; that thereupon, on the same day, the plaintiffs sold goods to Cohen, who later paid the bill in full; that thereafter and before November 23d, 1923, the plaintiffs sold more goods to Cohen, who was soon after adjudicated a bankrupt while owing the plaintiffs $175.37 on the last-named bill. The record does not show that plaintiffs gave defendant any notice that they were selling this bill of goods on the strength of the guaranty, more than a year after the guaranty was given.

The complaint contains no allegation of due notice to the defendant of the sale and amount of this bill of goods, and the finding does not show that plaintiffs offered any evidence of such notice. The finding does show that the defendant offered evidence to prove that after the first bill of goods was paid for by the debtor, "defendant heard nothing more from the plaintiffs until the said Philip Cohen filed a petition in bankruptcy, subsequent to November 21st, 1923, . . . but after said bankruptcy plaintiffs made demand upon him (defendant) for the payment of the account."

In an early case in this State, action was brought to recover upon a guaranty given by letter for the pay-

ment by a third party for goods bought of the plaintiff. The defendant contended that he was not liable for the reason that he had had no notice that the letter had been acted upon by the plaintiff or of the amount which he had furnished the third party on the strength of the guaranty. This court said that, on principle, the defendant was entitled to the notice, and referred to the elementary rule that when the existence of a material fact is more peculiarly within the knowledge of the plaintiff than of the defendant, it is incumbent upon the plaintiff to establish it. We there held that the facts, that the goods were sold on the strength of the guaranty and the amount of such sales, being within the knowledge of the plaintiff and not of the defendant, the plaintiff was bound to notify the defendant within a reasonable time that such credit had been given, and the amount of the liability. We cited Chief Justice Marshall in *Edmonston* v. *Drake and Mitchel*, 30 U. S. (5 Pet.) 624, 637: "It would be an extraordinary departure from that exactness and precision which peculiarly distinguish commercial transactions, which is an important principle in the law and usage of merchants, if a merchant should act on a letter of this character, and hold the writer responsible, without giving him notice that he had acted on it." And we added: "And not only is this notice essential to that exactness and precision, as well as to the good faith and confidence, which should characterize mercantile contracts; but it is equally demanded by a regard to the rights and interests of the defendant; and the most unjust results would follow were a contrary doctrine to prevail. He ought to have notice, to enable him to take such prudential measures as would guard him against eventual loss; to exercise a watchful supervision over the proceedings of him, for whom he became responsible; to make payments, if neces-

sary, and to secure himself by suit. And this is still more important in the case of a continuing guaranty, like the present, in order that the party to be affected may either withdraw or modify the guaranty, as a regard to his own interests may dictate. . . . Good faith, and the very nature of the negotiation, alike require it of the party acting on and accepting a proffered guaranty, to apprise the other party of what is done, and what he is liable for." *Craft* v. *Isham,* 13 Conn. 28, 32, 33.

There is error and a new trial is ordered.

In this opinion the other judges concurred.