THE HARPER MACHINERY COMPANY *vs.* THE RYAN-UNMACK COMPANY.

Third Judicial District, New Haven, January Term, 1912.
HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

It is not error for the trial court to refuse to adopt the phraseology of a proper request to charge, if the point is otherwise sufficiently covered by the charge.

An expression in part of the charge which renders the instruction upon the subject-matter rather indefinite and obscure, is not of serious consequence if .the whole statement in relation to the matter, as applied to the situation before the jury, expressed a pertinent prin-

ciple in such a way as to furnish them a proper guide for their deliberations, and did not mislead them.

An assignment of error which refers by number to a paragraph of the charge which contains several distinct and independent propositions is not specific enough to meet the requirements of § 798 of the General Statutes, the alleged error not being pointed out in the record or brief of counsel, and is therefore to be disregarded.

Special damages must be specially pleaded.

Conjectural and speculative damages are not allowable.

The admission of immaterial evidence may be rendered harmless by an instruction to the jury to disregard it.

It is not error to admit evidence which may be made competent by subsequent testimony; for the order in which such testimony shall be admitted is left to the sound discretion of the trial court.

Evidence received prior to the admission of testimony showing it to be material, but not subsequently properly connected and made relevant by the introduction of such further testimony, will not be considered by this court on appeal unless the omission of the required testimony appears of record.

Argued January 18th—decided April 9th, 1912.

ACTION to recover rent for the use of locomotives, dump-cars, and rails leased to and employed by the defendant in building a reservoir dam, and the price of merchandise sold, brought to the Superior Court in New Haven County and tried to the jury before *Holcomb, J.;* verdict and judgment for the plaintiff for $515, and appeal by the defendant. *No error.*

*Richard H. Tyner,* for the appellant (defendant).

*James D. Hart,* for the appellee (plaintiff).

RORABACK, J.   In 1910 the plaintiff was a corporation having an office and place of business in New York City, and as part of its business was engaged in leasing to contractors locomotives, cars, rails, and machinery for construction work.   At the same time the defendant was a corporation with its office and place of business in the city of New Haven, and was engaged in the business of general contracting work.   In July, 1910,

the defendant was carrying on its work in the erection of a dam in the town of Morris, in Litchfield County, for a reservoir for the city of Waterbury. July 19th, 1910, the plaintiff, by a written contract, leased to the defendant two locomotives, eleven dump-cars, and certain relaying rails for use in the construction of this dam. By the terms of this agreement the defendant was to pay a monthly rental for the use of this property after it arrived at Litchfield, Connecticut. Due performance of the terms of the contract on the part of the plaintiff, and its breach by the defendant, are alleged. The breach is alleged to have resulted from the failure of the defendant to pay the rental for the use of the plaintiff's property, amounting to $402, and a neglect to return the property leased, at the defendant's expense.

The plaintiff, under the second count of its complaint, also claimed to recover $196.14 for goods, wares, and merchandise alleged to have been sold and delivered to the defendant.

The defendant, in connection with certain special denials, set up by way of special defense and counterclaim that the locomotives leased to it were not in good condition, and not capable of performing work ordinarily required of locomotives of this character. Upon this branch of the case, the defendant claimed to recover damages largely in excess of the plaintiff's claim.

The jury returned a verdict for the plaintiff to recover of the defendant $515.09.

The reasons of appeal involve the action of the trial court in refusing to charge as requested, in its charge as given, and in its rulings as to the admission of evidence.

The defendant, in its requests to charge referring to damages, asked the court to instruct the jury that "if you find that it was agreed between the parties, or if you find that there was an implied agreement by the

parties that the machinery was capable and fit for the purposes for which it was hired, and if you find that it was not fit for such purposes, then the defendant would be entitled to recover back from the plaintiff the cost of shipping the equipment from Roselle Park, New Jersey, to Litchfield, and the cost of transporting the same from Litchfield to the dam, and evidence of said cost has been introduced in this case." The trial court sufficiently covered this point when it said: "You should not consider the cost to the defendant of the transportation of said equipment from New Jersey to said dam, which is made an item in the counterclaim, unless you find that, in agreement Exhibit A there was an implied warranty, or that there was a subsequent express warranty by the plaintiff as to the condition of said locomotives, and further find that they were in such condition when they arrived at Litchfield as to be unfitted to perform the work such locomotives were intended to perform, or find that one of them so shipped was different and inferior to the one the plaintiff agreed to furnish."

In commenting upon the defendant's claim that there was an implied warranty that the plaintiff's engines were in good condition and capable of performing work ordinarily required of machinery of this character, the trial court said: "If the defendant informed the plaintiff of the purpose for which it was to use these locomotives and trusted to the plaintiff to furnish him with locomotives suitable and adequate for such purpose, and the plaintiff undertook to do this and thereupon furnished these locomotives for that purpose, there was an implied warranty by the plaintiff that the locomotives were reasonably suitable and adequate to the extent of the capacity of that class of engines for the purpose for which they were leased." The expression in this part of the charge, "and the plaintiff undertook to do this,"

made the instruction upon this subject rather indefinite and obscure. That, however, is not of serious consequence if the whole statement in relation to this matter, as applied to the situation before the jury, expressed a pertinent principle in such a way as to furnish them a proper guide for their deliberations, and did not mislead them. It may be fairly assumed that the jury understood from this portion of the charge that if they should find that the plaintiff had been informed of the purpose for which its locomotives were to be used, and that the defendant trusted the plaintiff to furnish locomotives suitable for that purpose, there would be an implied warranty that the locomotives so furnished were suitable for the desired purpose. The law sanctions such a proposition as applicable to a situation like that before the jury.

In the reasons of appeal, several paragraphs of the charge are referred to by number, as each containing error. Each of these contains several distinct and independent propositions of law, thus leaving it uncertain what particular errors are claimed to have been committed, as these alleged errors are not pointed out in the record or brief of counsel. Such assignments do not meet the requirements of § 798 of the General Statutes, and are disregarded. *Temple* v. *Bush*, 76 Conn. 41, 43, 55 Atl. 557; *Hayden* v. *Fair Haven & W. R. Co.*, 76 Conn. 355, 365, 56 Atl. 613.

The defendant offered evidence, upon redirect examination of one of its witnesses, to show that work on its contract with the city of Waterbury was delayed because of the defective conditions of the plaintiff's engines. Upon this subject it was also claimed that the Ryan-Unmack Company had a contract with the city of Waterbury which provided for a forfeiture of $50 per day for nonperformance of its contract by the following September, 1911. In reference to forfeiture

this evidence was properly excluded. No such damages had been pleaded or averred as facts. Special damages must be specially pleaded. *Cordner* v. *Hall*, 84 Conn. 117, 120, 79 Atl. 55. But, assuming that such damages had been fully alleged, the right to recover them was still to be determined. The calculation of such damages would proceed upon a contingency which might not happen. Conjectural and speculative damages are not allowable. *Lewis* v. *Hartford Dredging Co.*, 68 Conn. 221, 235, 236, 35 Atl. 1127.

There was no reversible error in the rulings of the court in relation to the testimony of the two witnesses Harper and Kelley as to what it would cost to reship the machinery of the plaintiff from Morris dam to Roselle, New Jersey. It appears that the court, in its charge upon this subject, said: "The jury will disregard the evidence . . . admitted with reference to what it would cost to reship this outfit from Morris Dam to Roselle, New Jersey, because, as the case has developed, the cost of such reshipment is immaterial so far as this action is concerned." It also appears that the jury followed the instructions of the court, and disregarded this testimony. A new trial will not be granted when the record shows the alleged error to be harmless. *Gorman* v. *Fitts*, 80 Conn. 531, 534, 69 Atl. 357.

As stated, the defendant claimed that the engines were inadequate for the performance of its work in and about the Morris dam. The plaintiff contended in reply that the improper condition of the locomotives was due to the use which was made of them upon the very steep grades of the defendant's temporary tracks. In this connection the plaintiff produced, out of order and by agreement of counsel, a witness named Harold G. Lyons, when in substance this occurred: "Q. [By Mr. Hart.] Were you at the Morris Dam yesterday? . . . A. Yes,

sir. Q. I will ask you whether or not you took any pictures there yesterday? A. Yes. . . . Q. I will ask you if that [showing] is one of the pictures you took? A. Yes. Mr. Hart. I offer the picture. Mr. Tyner. I object to it on the same ground that I objected before, and that is that the picture does not show the condition of affairs as they existed last fall. . . . Mr. Hart. . . . I will connect it later with [the place] where the Harper engines did work. . . . The Court. In view of the fact that the witness is put in . . . out of order . . . I will admit the photograph. The jury will understand that if it is not shown to be relevant it shall go out." Counsel for the plaintiff then proceeded to examine the witness as to the different tracks and the objects shown upon the picture, when Mr. Tyner interposed another objection. The court then said: "I only rule on this evidence because it goes in out of order, by agreement. If the evidence does not appear, by subsequent connection, to be relevant, of course it will be ruled out. At the present time it is admitted."

The proposition now submitted by the appellant to show error is that there was not any sufficient proof to show that this photograph was a picture of the premises as they existed at the time when the plaintiff's engines were at work for the defendant on the Morris dam contract. The record discloses that the locomotives and equipment of the plaintiff were used by the defendant until about November 1st, 1910. It also appears that this photograph was not taken until May, 1911, about six months later. It does not appear whether or not the plaintiff offered evidence to show that the physical conditions in and about the Morris dam, as shown in the picture, were substantially the same as they were when the engines in question were at work at this place. The defendant now complains because it does not appear that by subsequent connection this evidence be-

came relevant. The order in which testimony of this character shall be admitted is left to the sound discretion of the trial court. *Stirling* v. *Buckingham,* 46 Conn. 461, 463. It is not error to admit evidence which may be made competent by subsequent testimony. *C. & C. Electric Motor Co.* v. *D. Frisbie & Co.,* 66 Conn. 67, 80, 33 Atl. 604. It is enough, however, to say, with regard to this reason of appeal, that if this evidence were not properly connected and made relevant by subsequent testimony, this should appear of record. It does not so appear.

There is no error.

In this opinion the other judges concurred.