## CARL FAGERHOLM *vs.* JOHN P. NIELSON.

First Judicial District, Hartford, January Term, 1919.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and GAGER, Js.

The right of a building contractor to recover upon his contract depends upon whether he has substantially performed it or not; and to recover for extras, upon whether they were ordered.
In the present case the plaintiff sought to recover an alleged balance

Fagerholm *v.* Nielson.

upon a contract for papering, painting and varnishing two tene-
ment blocks the defendant was building, and also for extras.
Upon the trial it became a material question whether the plaintiff
had been required by the defendant to put the paper upon the
plaster when it was fresh, wet, and some of it frozen because of
insufficient heat, and to varnish the woodwork when it was damp
and unfit for treatment, and had received the defendant's definite
promise to pay for so much of the work as might have to be
done over again in consequence—as the plaintiff contended,—or
whether the job was unworkmanlike and defective, and had been
abandoned by the plaintiff before its completion, with a con-
siderable loss to the defendant, as he testified upon his counter-
claim. The plaintiff had a verdict and the defendant appealed.
*Held:*—

1. That under these circumstances the question of the impossibility
   of performance was not involved, and therefore no instruction
   to the jury upon that point was essential.
2. That although the so-called common counts were used, the action
   was not based upon a technical *quantum meruit*, but upon a build-
   ing contract substantially performed, and therefore a recovery
   of the contract price was allowable, less deductions for uninten-
   tional variations or omissions.
3. That the charge respecting the grounds of the defendant's liability
   was free from error.
4. That evidence as to the frozen condition of the walls and the orders
   of the defendant as to papering them while in that condition,
   were admissible under the pleadings, although they only alleged
   a virtual performance by the plaintiff and a denial of performance
   by the defendant; since it was open to the plaintiff to explain that
   what at first impression might appear to be defective workman-
   ship, was due to the condition of the plaster upon which the de-
   fendant required the paper to be hung at once in spite of the
   plaintiff's warning and protest; and furthermore, that such evi-
   dence was relevant to the plaintiff's claim for extras and there-
   fore admissible in chief.
5. That the charge in respect to the burden of proof resting upon the
   respective parties, while not altogether commendable in its pre-
   cise form, could not have conveyed any other than a correct im-
   pression to the jury: that each litigant, to recover, must make
   out his case by a fair preponderance of the evidence.
6. That the instruction as to consideration for the defendant's promise
   to pay for extras was not objectionable.

The appellant further urged that the charge was erroneous in holding
that the plaintiff could recover as for substantial performance,
and also that there was an express or implied contract for extras
proven by the evidence. *Held* that these objections confused the
action of the court and jury; that it was for the latter to determine

Fagerholm v. Nielson.

these matters under suitable instructions, and that to these instructions no specific objection had been taken.

A court is never bound to charge "in every particular" as requested. If the instructions given are correct and adequate, the whole duty of the court is performed.

An assignment of error to the effect that the charge failed to state the law explicitly but left its principles undefined and unintelligible to the jury, is too general to entitle it to consideration by this court. And the same may be said of an assignment which urges argumentativeness and over-emphasis against the appellant, but fails to point out or specify any particular clauses or expressions in the charge.

A verdict will not be set aside as against the evidence, if the conclusion reached by the jury was one to which they might fairly and reasonably have come upon the testimony before them.

Argued January 9th—decided April 16th, 1919.

ACTION under the common counts and a bill of particulars to recover a balance alleged to be due upon a contract for work and materials in papering and painting apartment houses of the defendant, and a further sum for extras, brought to the Court of Common Pleas in Hartford County and tried to the jury before *Markham, J.;* verdict and judgment for the plaintiff for $479, and appeal by the defendant. *No error.*

The plaintiff and the defendant entered into a contract under which the plaintiff was to do the painting, papering and varnishing of two tenement blocks being built by the defendant, for the sum of $675 each. The plaintiff entered upon the work and before he had finally completed it he ceased work. The defendant had then paid the plaintiff $1,020 on account, leaving $330 on the unpaid balance under the contract. The plaintiff also did work and furnished materials for which he claimed payment as for extras.

The defendant, besides the general denial, filed a so-called second defense on the grounds of abandonment before completion, and defective work, a third

defense of payment, and also a counterclaim for cost of completion and loss of rents by delay in completion. The reply was a denial.

The case was tried to the jury. The real difference that developed upon the trial was with reference to abandonment by the plaintiff, and as to whether floors and closets were to be painted, and whether the work done conformed to the contract. The plaintiff offered evidence to prove and claimed to have proved that floors and closets were not in the contract; that when he ceased work he had substantially completed the job, only about a week's work of one man remaining to be done; that the work was done between November, 1916, and April, 1917; that the plaster was fresh, wet, and much of it frozen on account of insufficient heat, and unfit for papering because paper would peel off when the plaster thawed; that the woodwork was unfit for varnishing by reason of dampness; that he so notified the defendant, and that it was physically impossible to go on and do a good job with the walls and woodwork in the condition they then were; but that the defendant was in a hurry to complete the houses, and directed the plaintiff to go forward with all possible speed to do the papering and varnishing, and that the defendant directed the plaintiff to do over again any work required to be done as a consequence of papering and varnishing when the plaster and woodwork were unfit to be papered and varnished by reason of dampness; and that the defendant promised the plaintiff to pay him for such work as extra; that he did the entire job according to his contract except the week's work of one man, and that in consequence of the condition of the walls and woodwork he had to repaper and revarnish at an expense of $57.20 on one house and $115.60 on the other; that on April 21st, 1917, the defendant, without cause or

excuse, discharged the plaintiff from the job and put other men on to complete the job; that it was complete except a week's work of one man at $4.80 per day; that there was substantial performance and that his work was done in good workmanlike manner; that the extra work was due to putting paper and varnish on wet and frozen walls by the positive orders of the defendant, and not from any defect of material or workmanship.

The defendant claimed to have proved that the work done by the plaintiff was unworkmanlike and defective; that he never authorized any work to be done as extra; that he did not discharge the plaintiff or prevent him from completing the job; that the walls were fit for papering and that frozen walls could be papered; that the job was not substantially completed; that all the closets and floors were fit for painting, but were left unpainted; that he paid $537 to have the work completed, and by reason of delays of the plaintiff he lost tenants.

The jury found the issues for the plaintiff and that he recover $479. A motion to set aside the verdict was denied, and the defendant appealed from the denial of this motion; he also appealed for refusal to charge as requested, for errors in the charge as given, and for errors in rulings upon evidence.

*William H. Fogarty*, for the appellant (defendant).

*James B. Henry*, for the appellee (plaintiff).

GAGER, J. The first two reasons of appeal are based on the refusal of the court to charge as requested by the defendant. The action is for a balance due upon a building contract, and for extras, and the plaintiff's right to recover upon the contract depends

upon substantial performance, and the right upon the extras depends upon whether they were ordered.

The first of the defendant's requests relates merely to the essentials of a discharge of the contract by agreement, and treats of termination by agreement and substitution of a new contract. The record does not raise any such questions and there was no error in not charging as requested. But this request to charge also incorporates a reference to performance: "The jury must find for the defendant, in case said defendant proves that plaintiff failed to perform said contract according to its terms, unless such failure was caused by any of the three discharges enumerated above," referring to discharge by agreement, by impossibility of performance, and by breach. This, standing by itself, is not an accurate statement with reference to building contracts. The necessities of such cases have led to a modification of the statement, to prevent injustice, as set out in *Pinches* v. *Swedish Evangelical Lutheran Church*, 55 Conn. 183, 187, 10 Atl. 264.

The second request to charge relates to impossibility of performance, and to a recovery on *quantum meruit*. As to the first of these points, the record does not show that impossibility of performance was claimed. The contract did not provide for its completion at any definite time, hence it was to be completed in a reasonable time; and the real question was as to the defendant's imperative directions to the plaintiff to proceed before the walls were fit to be papered, and the woodwork varnished, on his definite promise to pay for work that might have to be done over in consequence. No claim of the plaintiff is based on impossibility of complying with the terms of the contract. The claim was, that owing to the condition of the walls compliance with the hurry-up-order of the defendant necessarily resulted in the peeling off of some paper and the con-

sequent repapering. As to *quantum meruit,* the entire request is based upon the theory that the plaintiff's action is upon the technical *quantum meruit,* and quite overlooks the real meaning of the *Pinches* case, which recognizes the action as still on the contract, though deductions may be made from the contract price when there has not been entire conformity with the contract, provided the deviation was not wilful. *Daly & Sons* v. *New Haven Hotel Co.,* 91 Conn. 280, 99 Atl. 853; *Jones & Hotchkiss Co.* v. *Davenport,* 74 Conn. 418, 420, 50 Atl. 1028; *Chariott* v. *McMullen,* 84 Conn. 702, 81 Atl. 65. The contract is the basis of recovery. The request is too long to be quoted. It is sufficient to say that it is involved, argumentative upon the law, and contains no clear definite request adapted to the case under the pleadings and claims of the parties. There was no error on the second request to charge. The real difference between the parties was in reference to the falling of paper from the walls after it was put on, and upon this the court correctly charged: "Now, if you find that the plaintiff faithfully performed his work, and that this paper came off not through his fault, but through the fault of the defendant Nielson by not having the walls properly dried, either by himself or his agents, and by directing the work of the paper hanger and the decorator to go on when the walls were not in condition to receive the work, and that, owing to the acts of the defendant Nielson in not having the walls dried, and permitting the frost to get into the walls; and if you find, further, that the paper came off by reason of that, then, as a matter of law, gentlemen, you cannot charge the plaintiff with that fault of the defendant."

In view of our conclusions above stated, the reason of appeal (3) which alleges that the court did not charge "in every particular as requested by the de-

fendant," needs no consideration further than to say that the court is never bound to charge "in every particular" as a party may request. If the charge is proper and adequate, the whole duty of the court is performed. *Crotty* v. *Danbury*, 79 Conn. 379, 385, 65 Atl. 147; *Radwick* v. *Goldstein*, 90 Conn. 701, 706, 98 Atl. 583. Error in a refusal to charge occurs only when the request is pertinent and correct and the court has not fairly covered the particular point raised; but the court may always choose its own form of expression.

Another reason of appeal (4) predicates error in the entire charge in failing to state the law explicitly and in leaving the principles of law undefined, and not sufficiently explicit. No specific error is pointed out. This is a sort of blanket objection which this court will not consider. *Harper Machinery Co.* v. *Ryan-Unmack Co.*, 85 Conn. 359, 363, 82 Atl. 1027. It is claimed for error (5) that the charge was argumentative against the defendant because the principles of law favoring the plaintiff were unduly emphasized, and those favoring the defendant were minimized. Here, as in the fourth reason of appeal, the defendant has neglected to specify what language is over-emphatic, and in what respects the law is minimized. There is no sufficient allegation of error for this court to consider.

The defendant also appeals from the denial of a motion to set aside the verdict as against the weight of evidence and as unsupported thereby. An examination of the record shows very clearly that there was evidence before the jury on which they might fairly come to the conclusion they did. The rule in this respect has been so often and so consistently stated by the court that it should be elementary law for those who undertake the trial of cases. We only refer to

two of the later cases. *Robinson* v. *Backes*, 91 Conn. 457, 99 Atl. 1057; *Bergh* v. *Spivakowski*, 86 Conn. 98, 84 Atl. 329.

The ninth and tenth reasons of appeal are that the court erred in holding and charging that under the pleadings the plaintiff could offer evidence as to the frozen condition of the walls, and the orders of the defendant with reference thereto, as stated above. The pleadings, omitting the third defense of payment as to which no question is made, are, in substance, performance of the contract by the plaintiff, and denial of performance by the defendant. The pleadings themselves make no mention of frozen walls or defective work. When, as appears from the record, the fact of performance and of workmanship depends upon the condition of the walls, and the only reason why some papering and varnishing had to be done over was claimed to be due to defendant's explicit orders to go ahead under the promise to pay for doing over any of this work which might be due to the condition of the walls, the plaintiff may show these facts to explain that the work he did was in performance, that his work was well done, and that what, at first impression, might appear due to defective workmanship, was due solely to the condition of the walls which the defendant ordered him to paper in spite of plaintiff's protest and warning. The defendant cannot order work to be done on unfit walls with knowledge of their unfitness for the work, and if it turns out badly, shift the blame upon the plaintiff, who urged that the work be not done until the walls were fit. There is no error on either of these two grounds. But further, in this case, the condition of the walls was the basis of plaintiff's claim for extras, and the evidence would necessarily come in connection with his case in chief.

The seventh and eighth reasons of appeal are based

upon claimed errors in the admission of evidence with reference to the frozen and damp walls. What has already been said with reference to the ninth and tenth reasons of appeal sufficiently answers these claims of error.

The defendant claims that the court did not charge the jury properly or at sufficient length upon the burden of proof relative to showing impossibility of performance of the contract. The controversy was not as to impossibility of performance, but the much narrower question, whether the fact that paper would not stay on wet and frozen walls showed defective workmanship when put on by the paperer under protest on the positive order of the defendant and an agreement to pay for such repetition of the work as might, as a consequence, be needed. In addition to the part of charge already quoted, the court further charged as to the doing over of the work as extras, as follows: "If you find that the plaintiff did this work under an express contract, or an implied contract, with the defendant; that is, if in so many words the contract was made to do this extra work, or if the plaintiff went at the request either of the defendant Nielson, or of his man who was in charge there, who testified he was in charge and rented the rooms, and so forth,—if you find that the plaintiff did this extra papering by the direction of any one in behalf of the defendant, and that he was not at fault; if you find that the paper came off on account of the frost, or the frost coming out of the walls; if you find it is the duty of the defendant Nielson to keep the walls in condition, and the frost out, then the plaintiff is entitled to a reasonable sum for this extra work; and if you find that, then it would be your duty, also, to find in favor of the plaintiff as regards the counterclaim of the defendant; that is, any work which the defendant after he had

discharged the plaintiff,—any work which he had to do, if you find that it had to be done in consequence of frost, or the condition of the walls which you find it was the duty of the defendant Nielson to have in condition, the frost out of them, and in condition so that they would take paper properly, then that cannot be charged against the plaintiff." As to plaintiff's claim and the defendant's counterclaim, the court charged upon the burden of proof: "The burden of proof is on the plaintiff to establish his claim as to the contract, and establish his claim as to the extras which he did. But when you come to the counterclaim, gentlemen, when the defendant sets up matter in defense apart from the contract,—affirmative matter, then it is his duty to prove by a fair preponderance of the evidence the statement which he makes in his counterclaim, and it is his duty to prove that by a fair preponderance of the evidence which is offered to you."

While we do not commend this precise form of statement, yet the jury could not have drawn any other conclusion from it than that each side, to recover, must make out his case by a fair preponderance of the evidence.

It is claimed the court erred in not charging correctly with reference to consideration for the contract for extras. The charge as to extras, quoted above, sufficiently and fully meets the objections taken.

The thirteenth reason of appeal is that the court erred in holding that the plaintiff under his pleadings and proof could recover as for substantial performance of his contract, and the fourteenth reason is that the court erred in holding that there was either an express or implied contract for extras proved by the evidence. Both these reasons confuse the action of the court and of the jury. It was for the jury to determine these matters under proper instructions, and there is no

specific exception taken to the charge upon these points. These assignments furnish no ground for error.

The fifteenth and last reason of appeal is that the court erred in holding that breach of contract was not the sole remedy under the proof, but that plaintiff could recover under his proof as for substantial performance. This assignment does not point out any specific ruling or statement in the charge of which the defendant complains, referring only to the charge as a whole, and under the rule already stated furnishes no ground of appeal.

None of the reasons of appeal as stated are tenable. There is no error.

In this opinion the other judges concurred.