IRENE E. BEMIS *vs.* SARAH MAE PLANT ET ALS.

Second Judicial District, Norwich, April Term, 1919.

PRENTICE, C. J., RORABACK, WHEELER, BEACH and GAGER, Js.

The act of stopping an elevator and opening the door for passengers to step out, is an assurance of safety upon which they may rely without waiting to make a special examination to see whether the elevator is on a level with the floor.

The denial of a motion to set aside a verdict upon the alleged ground that it was against the evidence, involves the exercise of a legal discretion, a clear abuse of which must appear in order to warrant a reversal of the action of the trial judge.

Unless the damages awarded by the jury in a personal injury case are clearly excessive, their verdict should not be disturbed upon that ground.

Argued April 30th—decided June 11th, 1919.

ACTION to recover damages for personal injuries alleged to have been caused by the negligence of a servant of the defendants, in the management of an elevator in one of their buildings, brought to the Superior Court in New London County and tried to the jury before *Maltbie, J.;* verdict and judgment for the plaintiff for $3,000, and appeal by the defendants. *No error.*

*Tracy Waller,* for the appellants (defendants).

*Arthur T. Keefe,* for the appellee (plaintiff).

RORABACK, J. The only question presented by this appeal relates to the denial of the defendants' motion to set aside the verdict as against the evidence. It appears that on April 28th, 1917, Morton F. Plant, the original defendant, since deceased, was the owner of a certain building, five stories in height, located in New London, Connecticut. This building was divided up into stores, rooms and offices, which were rented to numerous tenants for business purposes. Upon these premises, and as a part of the building, there was an elevator for the use of persons lawfully in the building. This was operated by the defendants' servants for the purpose of carrying people from one floor to another. About seven o'clock in the evening of April 28th, the plaintiff lawfully entered this elevator on the second floor, for the purpose of being conveyed to the main floor of the building.

In leaving the elevator she fell and was thrown upon the main floor and against the wall opposite the elevator. The man in charge of the elevator at this time was not the regular operator, but was employed by the defendant Plant to clean offices and run the elevator from six o'clock in the evening until four o'clock in the morning. The elevator and vestibule were lighted

when the accident happened. The acts of negligence alleged by the plaintiff are, that when the elevator reached the main floor, upon which the plaintiff was to alight, the defendants' servant carelessly and negligently allowed the elevator to be and remain in a dangerous and unsafe condition, in that it was brought to a full stop with the surface of the floor of the elevator several inches below the surface of the main floor; that the servant opened the door of the elevator and invited the plaintiff to get out of the elevator upon the main floor; and that when the plaintiff, in the exercise of due care and diligence on her part and without knowledge of the dangerous and unsafe condition of the elevator, emerged therefrom, her foot, by reason of the negligence of the servant, came in contact with the main floor, being above the level of the elevator floor, thereby tripping up, precipitating and throwing her with great force and violence in and upon the main floor and over against the wall opposite the elevator.

The plaintiff and the man in charge of the elevator were the only witnesses who testified as to the cause of the accident. The jury must have found that the plaintiff's version of the manner in which the accident occurred was true. She testified that she went down in the elevator to the main floor, when the man in charge opened the door of the elevator without telling her to step down or to step up; that as she attempted to step out of the elevator she looked where she was going, but went over on the floor and up against the wall of the vestibule opposite the elevator door, and was injured thereby; that she then looked at the elevator and noticed that the surface of its floor was several inches below the surface of the floor upon which she was thrown and injured.

These and other facts clearly establish the defendants' negligence in inviting the plaintiff to step off the

elevator without notifying her that its surface was several inches below that of the main floor; and the principal claim now made by the defendants is, that it appears from the facts, as the plaintiff presented them, that she was guilty of contributory negligence, and therefore cannot recover.

The opening of this elevator door by the man in charge of it was a substantial assurance of safety, and just as significant to the plaintiff as if he had beckoned or invited her to step out. The conduct of the elevator man at this time could well have been considered by the jury, with the other circumstances of the case, in passing upon the degree of care which the plaintiff was bound to exercise in leaving the elevator. L. R. A. 1915E, 730; *Naylor* v. *Haviland*, 88 Conn. 256, 259, 260, 91 Atl. 186.

An elevator for the carriage of persons is not, like a railroad crossing at a highway, supposed to be a place of danger, to be approached with great caution; but, on the contrary, it may be assumed, when the door is thrown open by the attendant, to be a place which may be safely entered without stopping to make a special examination. *Tousey* v. *Roberts*, 114 N. Y. 312, 316, 21 N. E. 399.

The denial of the motion to set aside the verdict on the ground that it was against the evidence, involved the exercise of a legal discretion of the court below, a clear abuse of which must appear to warrant its revision here. *Cables* v. *Bristol Water Co.*, 86 Conn. 223, 84 Atl. 928. The evidence now before us does not disclose that the action of the trial court in denying this motion was an abuse of its discretion.

The defendants also contend that the verdict should be set aside because the damages allowed by the jury are excessive. This being an action for damages on account of personal injuries, we have no fixed rule or

principle by which it can be ascertained that there was an error in the verdict. It is not enough for a party who seeks a new trial for excessive damages, simply to raise a doubt whether they are not too large, but it is incumbent upon him to show that they are so. This has not been done in the present case. *Clark* v. *Whitaker*, 19 Conn. 319; *Mercer Electric Mfg. Co.* v. *Connecticut Electric Mfg. Co.*, 87 Conn. 691, 698, 89 Atl. 909.

This conclusion makes it unnecessary to determine the plaintiff's contention that the defendants did not properly raise the question as to the excessiveness of the verdict in their reasons of appeal.

There is no error.

In this opinion the other judges concurred.