ELIZABETH WALTERS *vs.* EINER A. HANSEN ET AL.

Third Judicial District, Bridgeport, October Term, 1923.
WHEELER, C. J., BEACH, CURTIS, KEELER and WOLFE, Js.

Proof of one or more of several independent grounds or specifications of negligence set forth in the complaint, satisfies the burden resting upon the plaintiff of proving the defendant's negligence.

In the present case the defendants contended that the particular clause of the complaint referred to by the trial judge in his charge, was not in reality a specification of negligence at all, but a mere conclusion dependent upon proof of the truth of one or more of the preceding specifications. ·*Held* that there was no basis for such contention.

In considering a charge, this court cannot resort to the printed evidence, but is confined to the finding for its enlightenment as to what facts the evidence proved, or was claimed to have proved.

The refusal of the trial court to set aside a verdict as against evidence, necessarily implies that there was evidence before the jury of every fact material to support their conclusion.

The defendants' servant drove a motortruck through an opening in a fence bordering a sidewalk so carelessly and negligently that he struck the fence which fell over upon the plaintiff who was waiting on the sidewalk for the truck to pass into the street. The trial judge instructed the jury that the servant in passing through an opening of that kind was bound to use that degree of care that an ordinarily prudent person would exercise under those circumstances; and that if the elements of danger there were greater than under ordinary circumstances, the jury should hold the servant "to that much greater degree of care, to· constitute ordinary or reasonable care." *Held* that this meant nothing more than that ordinary care in a situation of danger would require greater care than in one free from danger, and that the jury could not have understood the instruction otherwise.

An assignment of error that the charge as a whole was inadequate and insufficient, violates our rules and merits no consideration.

Argued October 30th—decided November 7th, 1923.

ACTION to recover damages· for personal injuries alleged to have been caused by the negligence of the defendants, brought to the District Court of Waterbury

and tried to the jury before *Peasley, J.;* verdict and judgment for plaintiff for $1,000, and appeal by the defendants. *No error.*

*Frank P. McEvoy,* with whom, on the brief, was *Francis P. Guilfoile,* for the appellants (defendants).

*Charles W. Bauby,* with whom was *Joseph A. Hackett,* for the appellee (plaintiff).

WHEELER, C. J.  The defendants' truck was being driven by their servant and agent from private property adjoining North Main Street in Waterbury, to the street, through an opening in the fence along the sidewalk of the street, made by the removal of a section of the fence. While driving through this opening the servant and agent drove the truck against this fence, causing a part of it to fall over and on to the sidewalk and against the plaintiff, knocking her down as she stood upon the sidewalk in the exercise of due care waiting for the truck to pass, and causing her injuries for which she seeks a recovery in this action.

The defendants' motion to set aside the verdict as against the evidence, and as excessive, was properly denied.

The court was correct in charging, in effect, that if the jury found the plaintiff had proven by a fair preponderance of the evidence the ground of negligence alleged in paragraph 4 (g) of the complaint, viz: "In driving said automobile truck against said fence, striking and knocking said fence against the plaintiff, throwing her to the ground and causing her to be injured and damaged as specified in paragraph 3.",—the plaintiff would have sustained the burden of proving the defendants' negligence. This ground was an independent ground of negligence and unconnected with the other alleged

grounds of negligence. The defendants' counsel argues that ground (g) is an alternate conclusion based upon the happening of one or more of these six grounds of negligence. There is no basis for such claim. The seven grounds of negligence alleged were particularly specified in response to defendants' motion for a more specific statement, and are each separately stated grounds of negligence.

The other objection to this portion of the charge, that there was no evidence that the truck was driven against the fence, is refuted by reference to the facts claimed by the plaintiff to have been proved, and so found by the court. In considering the charge we cannot go to the evidence, but are confined to the finding of the facts claimed to have been proved by the parties. The refusal to set aside this verdict, necessarily included a finding that there was evidence justifying the jury in finding that the defendants' agent did drive the truck against this fence.

Complaint is made of a part of the charge as to the defendants' duty, as follows: "You will consider all of the evidence with reference to the opening in the fence through which the defendants' servant was attempting to drive his car, its width, the condition of the ground, and all of the attending circumstances; the condition of the fence, and the possibility of people being upon the sidewalk at the point where she was attempting to cross, and require of him that degree of care in passing through an opening of that kind that an ordinarily prudent person would exercise under those circumstances. If the elements of danger there were greater than they are or might have been under ordinary circumstances, then you will hold him to that much greater degree of care, to constitute ordinary or reasonable care." We find nothing erroneous in this. The last sentence might have been more clearly phrased. Its purpose was clear:

to present to the jury the rule that ordinary care in a situation of danger would require greater care than in one free from danger, and the greater the danger the greater the care. We do not think the jury could have been misled, but ought to have obtained from the charge as a whole a clear conception of the defendants' duty.

The first ground of the additional appeal, that the charge as a whole was inadequate and insufficient, cannot be considered. It violates our rules, and has been so frequently criticised in our decisions that the profession should by this time understand the futility of making it a ground of appeal.

There is no error.

In this opinion the other judges concurred.