PETER LUKOSEVICIA, ADMINISTRATOR, *vs.* BENJAMIN L. BARTOW.

Third Judicial District, Bridgeport, October Term, 1923.

WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, Js.

An assignment of error on appeal, that the entire charge to the jury was inadequate to present all the issues which arose at the trial, is too general to merit consideration.

Where neither the plaintiff's claims nor those of the defendant, nor both together, show that the evidence presented a state of facts for the application of the last-clear-chance doctrine, the court is not bound to charge concerning it.

A violation of one or more of the definite rules of conduct prescribed by statute for operating automobiles upon the highways of this State, is negligence *per se,* and actionable when it is the proximate cause of the injury.

In the present case it appeared from the finding that the plaintiff claimed, and offered evidence to prove, certain violations of the statute by the defendant. *Held* that a failure to inform the jury what those specific rules were, and how a violation of them would or might affect the rights of the parties in the case before them, was error prejudicial to the plaintiff and entitled him to a retrial; especially as the jury were told that the statute was inapplicable to the situation.

Argued October 26th—decided November 17th, 1923.

ACTION for damages for death alleged to have been caused by defendant's negligent operation of a motor-

car on the highway, brought to the Superior Court in New Haven County and tried to the jury before *Wolfe, J.;* verdict and judgment for defendant, and appeal by the plaintiff. *Error and new trial ordered.*

The plaintiff's claims as to defendant's negligence, as alleged in the complaint and made at the trial, were as follows:—

"2. That at said time and place defendant was operating a motor-vehicle upon said highway, passing in the same direction as plaintiff's intestate was walking, and that he operated it in a careless and negligent manner, so that said motor-vehicle struck said plaintiff's intestate while he was a traveler on said highway, inflicting injuries, from which plaintiff's intestate died within a short time thereafter.

"3. That defendant failed to give plaintiff's intestate any warning of his approach by blowing a horn as he approached him; failed to slacken his speed as required by law when overtaking plaintiff's intestate, and did not seasonably turn to the left, and drove his car at an unreasonable and reckless rate of speed, in view of the width and traffic of said highway.

"4. That defendant by the exercise of reasonable care could have seen plaintiff's intestate as he was walking down the highway in ample time to stop said motor-vehicle before striking him, and that he failed and neglected to keep a careful lookout so as to avoid exposing plaintiff's intestate to danger, and that plaintiff's intestate did not contribute to his injuries by any want of care upon his part."

The assignments of errors are these: "1. The court erred in its entire charge in failing to present to the jury all the issues that arose in the trial of the cause, and the charge was inadequate to present all of said questions and to be a sufficient guide to the jury on all questions of law arising in the course of said case.

"2. The court erred in charging the jury as follows: 'The other important thing which the plaintiff must establish is that his intestate at the time was in the exercise of due care, for the law is so that no matter how negligent the defendant may have been, if the plaintiff's intestate himself was negligent, thus materially contributing and concurring in bringing about this accident which resulted in his death, then the plaintiff cannot recover. So that, gentlemen, perhaps the first inquiry that you will enter upon when you go to your jury-room will be this question, Was the plaintiff's intestate himself in the exercise of due care at the time of this accident? And if you should reach the conclusion that the plaintiff's intestate was not in the exercise of due care at that time, and that this accident either resulted from his own failure to observe due care, or resulted from the concurring act of the defendant and the intestate, then that would end the case, and you would not have to consider the further elements in this transaction.'

"3. The court erred in charging the jury as follows: 'The further allegation is that the defendant drove the car at an unreasonable and reckless rate of speed in view of the use, width and traffic of said highway. That is a statute which I suppose, gentlemen, most of you are familiar with, the statute being that 'No person shall operate a motor vehicle on any public highway of the state recklessly or at a rate of speed greater than is reasonable and proper having regard to the width, traffic and use of the highway.' Then the intersection of streets, weather conditions—'so as to endanger the property or life or limb of any person.'

"There is no law in the State of Connecticut, gentlemen, which absolutely limits the speed of an automobile upon a highway. There are certain references to speed in this State which establish under certain circumstances a prima facie case, but there is nothing in

this particular case which requires me to call your attention to any particular portions of the statute, for they are not applicable to the facts and circumstances in this case."

*Charles S. Hamilton,* with whom was *Morris L. Robin,* for the appellant (plaintiff).

*Walter E. Monagan,* for the appellee (defendant).

BEACH, J. The first assignment of error is too general to merit consideration. Our practice, following the statute, § 5837, and the common-law rule as to bills of exceptions, requires that the alleged errors be specifically assigned. Rules of the Supreme Court, § 7, Practice Book, p. 308; *Harper Machinery Co.* v. *Ryan-Unmack Co.,* 85 Conn. 359, 82 Atl. 1027; *Fagerholm* v. *Nielson,* 93 Conn. 380, 106 Atl. 333; *Hine* v. *McNerney,* 97 Conn. 308, 116 Atl. 610.

The portion of the charge quoted in the second assignment of error states the rule as to contributory negligence correctly. It is contended in this connection that the court erred in failing to charge as to the doctrine of last clear chance; but we find nothing in this record which necessarily calls for any charge on that point. The plaintiff's claims state some but not all of the facts essential to the application of that doctrine, and the defendant's claim was that the decedent suddenly lurched from a position of safety against the front fender of the defendant's motor-car.

Neither the plaintiff's claims, nor the defendant's claims, nor both taken together, show that the evidence presented a state of facts which required that the jury be instructed as to the law of last clear chance.

The third assignment of error is well taken. The third claim of the plaintiff as set forth in the finding requires us to assume that he offered evidence from

which the jury might, if properly instructed, have found that the defendant negligently failed to comply with the statute in not seasonably slackening his speed when overtaking the decedent, in not seasonably turning to the left, and in driving his car at an unreasonable and reckless rate of speed, in view of the width and traffic of the highway.

Under this claim the plaintiff was entitled to have the jury instructed, in effect, that any violation of these specific statutory rules of conduct by the defendant would, if found to have occurred, and to have been the proximate cause of the injury, require the jury to find the defendant negligent on that ground. The court did not so charge, but, on the contrary, instructed the jury that the statute was not applicable to the facts and circumstances in this case. This was error. As we said in *Pietrycka* v. *Simolan*, 98 Conn. 490, 495, 120 Atl. 310: "The legislature, with unquestionable authority, has established an arbitrary standard for the test of conduct in operating motor-vehicles in the highways of this State. It has prescribed that certain acts, plainly stated or specifically defined, shall not be done. A violation of the statute is a violation of the duty which one person owes to another in respect of person or property, and therefore is negligence of itself, and when it is the proximate cause of injury it is actionable negligence." Citing *Sharkey* v. *Skilton*, 83 Conn. 503, 508, 77 Atl. 950; *Wolfe* v. *Ives*, 83 Conn. 174, 177, 76 Atl. 526.

There is error and a new trial is ordered.

In this opinion the other judges concurred.