JOHN E. PORTER ET AL. *vs.* FRANCIS A. TAYLOR.

Third Judicial District, Bridgeport, October Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

The plaintiffs offered evidence to prove that, as a result of the negligence of the defendant, their tenant, in leaving their premises without heat in the winter season, the plumbing and heating systems froze, causing damage which necessitated repairs amounting to $464.63 and also loss of rental for a period of four months at $75 per month. *Held* that the verdict for the plaintiffs to recover $764.63 was supported by the evidence.

The trial court's charge to the jury that "if you should find, and there is no evidence to contradict it, that the defendant retained the key and was in possession of the premises, then there was no surrender by the defendant of his tenancy and the relationship still existed of landlord and tenant," was a correct statement of the law and of the facts as they appeared of record.

Since the rent actually received by the plaintiffs was evidential, but not conclusive, of the fair rental value of the premises, and since the defendant disputed the plaintiffs' claim that they were deprived of the use of the house for four months as a direct result of his negligence, the trial court's unqualified instruction to the jury that "it appears in evidence that the plaintiffs lost the use of the premises for four months, and it has been alleged and admitted in the pleadings that the rent was $75 per month," was misleading, and prejudicial to the defendant.

Porter *v.* Taylor.

In considering a charge to the jury, this court cannot resort to the printed evidence, but is confined to the finding of facts claimed to have been proved by the parties.

When the only error committed by the trial court occurred in its charge to the jury upon the question of damages, a new trial may be granted limited to their assessment.

Argued November 2d—decided December 12th, 1927.

ACTION to recover damages for injuries to a dwelling-house of the plaintiffs, alleged to have been caused by the negligence of the defendant, brought to the Court of Common Pleas for Fairfield County and tried to the jury before *Huxford, J.;* verdict and judgment for the plaintiffs for $764.63, from which the defendant appealed. *Error; new trial ordered limited to assessment of damages.*

*William J. Kiernan,* for the appellant (defendant).

*Robert G. De Forest,* with whom was *Charles A. Hopwood,* for the appellees (plaintiffs).

BANKS, J.   The plaintiffs seek recovery in this action for damage to their premises which they allege was caused by the negligence of the defendant, their tenant, in leaving the house in the winter season without heat as a result of which the water in the plumbing and heating fixtures froze causing damage to this equipment and to the ceilings and floors of the house. The plaintiffs offered proof of bills incurred by them for the repair of the plumbing and heating equipment and redecorating the house, which amounted to $464.63, and also of a loss of rental of the house for four months at $75 a month, amounting to $300, making a total of $764.63, and the jury rendered a verdict in their favor for this exact amount.

Defendant appeals from the denial of his motion to set aside the verdict making the claim as to the bills

for repairs that plaintiffs failed to prove that these repairs were due solely to the freezing of the water pipes, and as to the loss of rental that plaintiffs failed to prove that the premises could not have been made tenantable in less than four months, and further failed to prove that the reasonable rental value of the premises was $75 a month. As to the first claim, it is sufficient to point out that Mrs. Greening, who had charge of the property for the plaintiffs, testified that all of the repairs and redecorating that she had done was due to the freezing of the water pipes, in which she was corroborated by the plumber who made the repairs to the heating and plumbing systems. Mrs. Greening also testified that she had a tenant for the house within a month after the freezing, but that it was not in a condition to rent for four months, the delay in completing the repairs being due to the inability of the plumber to get parts for the radiators any sooner, which the plumber confirmed. The undisputed fact that the premises had been rented for several months for $75 a month was sufficient evidence to go to the jury of its fair rental value. The trial court did not err in denying the motion to set aside the verdict.

The additional appeal assigns errors in the court's charge. One of the issues in the case was that of tenancy, the defendant claiming that at the time of the damage to the house he had surrendered his lease of the premises and was no longer a tenant of the plaintiffs. The plaintiffs offered evidence to prove that the defendant moved out of the house on January 28th, but did not give up possession of the premises nor surrender the key until February 2d, and that the freezing of the water pipes occurred on the night of January 28th. The court in its charge said: "If you should find, and there is no evidence to contradict it, that the defendant retained the key and was in posses-

sion of the premises at the time the injury was done to the premises, then there was no surrender by the defendant of his tenancy and the relationship still existed of landlord and tenant," and made practically the same statement in slightly different language in other portions of the charge. The defendant criticizes this portion of the charge on the ground that it makes the retention of the key the sole test of the continued existence of defendant's tenancy. It is not fairly subject to such construction. The statement that if the defendant kept the key and remained in possession of the premises his tenancy continued, was clearly unobjectionable. It does not appear from the record that there was any evidence to contradict the fact of defendant's continued possession of the premises, and it was therefore within the province of the court to so state to the jury.

The plaintiffs claimed as part of their damages loss of rental of the premises for four months at $75 a month, and offered evidence to prove that they were deprived of the use of the premises for that period. As to this claim the court said in its charge: "In regard to the rent, I will say it appears in evidence that the plaintiffs lost the use of the premises for four months, and it has been alleged and admitted in the pleadings that the rent was $75 a month, and you may take that into consideration. The weight to be given to it is for you to determine." The plaintiffs were entitled to recover, if they prevailed, the fair rental value of their premises for the period during which they were deprived of their use as a direct result of defendant's negligence. The statement of the court that it was admitted in the pleadings that the rent was $75 a month was misleading. That was the rent paid by the defendant, but it was evidential only and not conclusive as to the fair rental value of the premises. The state-

ment that it appeared in evidence that the plaintiffs lost the use of the premises for four months was in no way qualified in any portion of the charge and would naturally leave the impression with the jury that this matter was not in dispute. To test the charge in this respect we cannot go to the evidence, but are confined to the finding of facts claimed to have been proved by the parties. *Walters* v. *Hansen,* 99 Conn. 680, 682, 122 Atl. 564. It appears from the finding that the defendant claimed to have proved that the plaintiffs delayed until March 30th before starting to repair the premises and that the work was completed by May 17th. The period of time during which the plaintiffs were deprived of the use of their premises because of the defendant's negligent conduct was one of the disputed issues in the case which the court, in this portion of the charge, practically withdrew from the consideration of the jury. Its importance is indicated by the fact that the verdict included the full amount of $300 claimed by the plaintiffs as loss of rental.

The other criticisms of the charge are without merit and do not require discussion.

The only error apparent in the record is one affecting the assessment of damages. Other material issues submitted to the jury have been found for the plaintiffs and ought not to be reopened. In such a case, this court may limit the new trial, whether to the court or jury, to that part of the case in which alone there was any error. *Smith* v. *Whittlesey,* 79 Conn. 189, 63 Atl. 1085.

There is error and a new trial is ordered limited to the assessment of damages, and for the rendition of judgment in accordance with this opinion.

In this opinion the other judges concurred.