Ruth F. Quackenbush *vs.* Leonard Vallario.

John R. Quackenbush *vs.* Leonard Vallario.

Maltbie, C. J., Haines, Hinman, Banks and Avery, Js.

Argued March 3d—decided April 12th, 1932.

*George Dimenstein,* with whom, on the brief, was *Justus J. Fennel,* for the appellant (defendant).

*Joseph Shelnitz,* for the appellees (plaintiffs).

Haines, J. These actions were brought by husband and wife, both founded upon the same accident, and were tried together. On October 29th, 1929, at Stamford, the plaintiff husband, with his wife on the front seat beside him, was driving his Nash sedan car westerly on State Street across the intersection of Atlantic

Street, when the defendant, with a Chrysler roadster driving northerly on Atlantic Street, struck the left rear side of plaintiff's car with great force, causing it to rock back and forth and nearly throwing it over on its side, and swinging it around in such a manner that it was headed south when it came to rest. The force of the collision was such that the disc wheels on the rear of the plaintiff's car were dented out of shape, the left side of the body dented and damaged, and the frame of the car bent so it had to be straightened, and a steel latch on the right front door, one inch wide and one half inch thick, was broken in two. The cost of necessary repairs to the car was $104.25. The plaintiff husband suffered bruises and contusions, from which he recovered in about a week. His wife was thrown by the force of the collision, against the right front door of the car with such force as to break the latch as above stated, and the door thereupon flew open, and when the car came to rest she was upon the floor where she had been violently thrown, with one leg projecting through the open door and the other bent under her, and she suffered from bruises on her body and right thigh, the back of her neck and her back were wrenched, and she felt that one of the vertebrae of her spine had been forced out of place.

Accompanying these appeals is a stipulation of counsel that the accident was caused by the negligence of the defendant without contributory negligence on the part of either plaintiff and that no error in the charge upon these issues is brought in question.

Error is assigned in refusing to set aside the verdict on the grounds, (1) that it was contrary to the evidence and the weight of the evidence and contrary to law, and (2) that it was excessive; and it is also assigned as error that the charge was inadequate upon

the rules for evaluating the medical testimony, upon burden of proof, proximate cause and damages.

The evidence offered by the plaintiff shows, and the jury could reasonably have found, that at the time of the accident, the plaintiff Ruth was thirty-five years of age, the mother of two children eight and ten years of age, respectively. She had always enjoyed good health and strength, was free from pain and suffering and nervous disability. The day following the crash, she began to suffer from pain, exhaustion and cramps such as she had not experienced in the previous ten years. Uterine hemorrhages began and continued uninterruptedly, some of them very severe, causing great exhaustion. After consultation with two different physicians, she was finally removed to a hospital in New York on January 13th, where an operation was performed in an effort to check the hemorrhages, and the smaller of two fibroid tumors was removed from the uterus and the larger one treated successfully with radium. This stopped the hemorrhages, but after being removed to her home, she was obliged to remain in bed for a month, continuing afterward in a nervous, weak and hysterical condition and unable to do her housework. Many of these conditions remained at the time of the trial. The operation was performed by an experienced surgeon who gave it as his opinion that the nervous and physical shock of the accident was the exciting cause of the hemorrhages which would not otherwise have occurred. He also testified that the operative treatment by radium necessarily had a deleterious effect upon the reproductive organs, liable to cause early menopause.

Upon this evidence which we have only outlined, the jury was clearly justified in awarding substantial damages, if they were the proximate result of the accident. The amount to be awarded was peculiarly a matter for

the exercise of its best judgment by the jury. To justify us in setting aside such a verdict on the ground that it is excessive, something more than a doubt must be shown; the amount determined upon by the jury must convince the mind that the verdict is in fact excessive, unjust and entirely disproportionate to the injury. *Ratushny* v. *Punch*, 106 Conn. 329, 335-337, 138 Atl. 220; *Samaha* v. *Mauro*, 104 Conn. 300, 302, 132 Atl. 455; *Bemis* v. *Plant*, 93 Conn. 554, 557, 106 Atl. 764. This evidence discloses the serious character of the plaintiff's injuries and that she will suffer permanently from the results thereof. If, as the verdict imports, the jury found them to have been the proximate result of the accident, we discover no reasonable ground to justify us in setting aside this verdict of $2500 as excessive, reached as it was by twelve jurymen and confirmed by the further considered judgment of the trial court.

We turn to the claim that the charge on the questions of burden of proof, proximate cause and damages was "inadequate."

The assignment is in itself inadequate and irregular. We cannot be asked to consider claimed errors in the charge unless they are specifically pointed out. Practice Book, p. 306, Rules for Appellate Procedure, § 15. A general assignment for inadequacy is not sufficient. *Salemme* v. *Mulloy*, 99 Conn. 474, 484, 121 Atl. 870; *Walters* v. *Hansen*, 99 Conn. 680, 683, 122 Atl. 564; *Lukosevicia* v. *Bartow*, 99 Conn. 723, 726, 122 Atl. 709; *Fagerholm* v. *Nielson*, 93 Conn. 380, 387, 106 Atl. 333; *Harper Machinery Co.* v. *Ryan-Unmack Co.*, 85 Conn. 359, 363, 82 Atl. 1027. Moreover, the assignment does not state, as it should, wherein any particular portion of the charge is erroneous, but refers to a portion of the finding wherein successive and extended quotations are set forth, under the sole allegation that

it is inadequate. This violates one of the definite and salutary rules of our appellate procedure. *O'Neil* v. *Larkin-Carey Co.*, 106 Conn. 153, 157, 158, 137 Atl. 721; *Ruocco* v. *Logiocco,* 104 Conn. 585, 588, 134 Atl. 73.

There were no requests to charge, and if the charge as given included a correct statement of the principles of law involved, was adapted to the issues, and sufficient for the guidance of the jury in determining those issues upon the evidence, the failure to include specific instructions upon special features of the case, will not be held reversible error. *Reynolds* v. *Land Mortgage & Title Co.*, 114 Conn. 447, 454, 159 Atl. 282; *Vinci* v. *O'Neill,* 103 Conn. 647, 656, 131 Atl. 407; *Water Commissioners* v. *Robbins,* 82 Conn. 623, 636, 74 Atl. 938.

The finding shows that in opposition to the evidence offered by the plaintiffs, the defendant offered evidence to prove and claimed to have proved that the shock of the accident was not violent; that it did not cause the injuries complained off; that the bleeding was but a premature menstruation, and the hemorrhages and the results therefrom were due to the tumors and not causally connected with the accident; that it is the natural tendency of fibroid tumors to cause hemorrhages, but that an accident, in the absence of direct trauma to the affected parts, could not cause a hemorrhage from fibroid tumors. It was for the jury to determine which version was the correct one. Testing the charge by the finding, we do not discover in the former any incorrect statements of law, nor do we see wherein it was an incomplete or improper guide for the direction of the jury. It is also urged that the evidence did not furnish the basis for a reasonable inference that the accident was the proximate cause of the plaintiff's injuries. It was of course

incumbent on the plaintiff to establish such facts as would remove the question of causal connection between the accident and the injury from the realm of speculation, and such as would afford a logical basis for the inference which she claimed. *Bates* v. *Carroll*, 99 Conn. 677, 679, 122 Atl. 562.

We have examined the entire record with care and do not deem it necessary to review the evidence at length here. The question was one of the pivotal questions in the case and much medical testimony was produced on both sides, the plaintiff insisting and the defendant denying that the hemorrhages were caused by the accident. It was emphatically a medical question and one upon which the jury as laymen without the testimony of medical experts could only have speculated. They were entitled to take note of the fact that Dr. Cook, the plaintiff's expert, was the only doctor who made uterine examinations of the plaintiff, the doctor who operated upon her and in whose care she was while in the hospital. He testified from personal knowledge of her condition and not from hypotheses. He testified, and was cross-examined at great length, as to all phases of her condition, and then was asked what the cause of the hemorrhages was, and replied, "In my opinion the accident was the probable exciting cause of the bleeding." Being pressed upon cross-examination for a further expression of his views, he said the accident was "the productive cause of the hemorrhages," and added, "I believe that the accident caused the bleeding." The jury were entitled to accept these conclusions, and they furnish a sufficiently reasonable and logical basis for the conclusion reached by the jury. We find no reversible error in the case of Ruth.

In the case of John, error is also assigned in the allowance of $1230 for the bill of Dr. Cook and of

$144 for railroad fares to New York City. It appears from the record that there was evidence which the jury could reasonably believe that these were reasonable and proper charges made necessary by the effort of the plaintiff to effect a cure of her injuries, and for such expenses the law makes the husband responsible. We can find no sufficient warrant for interference with the conclusion of the jury on this score.

There is no error on either appeal.

In this opinion the other judges concurred.